In the
United States Court of Appeals
For the Seventh Circuit

No. 01-2415

United States of America,

Plaintiff-Appellee,

v.

Stanley Mayberry,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Illinois.
No. 3:99CR30022-015--David R. Herndon, Judge.

Argued November 13, 2001--Decided November 30, 2001


   Before Flaum, Chief Judge, and Bauer and
Evans, Circuit Judges.

   Flaum, Chief Judge.  Stanley Mayberry
pleaded guilty to conspiracy to
distribute cocaine base in violation of
21 U.S.C. sec.sec. 846 and 841(a)(1). He
was sentenced to 194 months'
imprisonment, 5 years' supervised
release, a $1,750 fine, and a $100
special assessment. Mayberry appeals,
claiming that the district court erred:
first, when it adjusted upward for
obstruction of justice pursuant to
U.S.S.G. sec. 3C1.1; and second, when it
refused to adjust downward for acceptance
of responsibility pursuant to U.S.S.G.
sec. 3E1.1. We affirm.

I.  Background

   In January 1997, local and federal law
enforcement agencies began investigating
crack cocaine distribution in Centralia,
Illinois. During the continuing
investigation, authorities discovered
that Mayberry and others had been selling
crack cocaine from the time the
investigation started until March 1999.
Subsequently, Mayberry was arrested and
charged with conspiracy to distribute and
conspiracy to possess with intent to
distribute more than fifty grams of
cocaine base. After Mayberry's arrest,
one of his co-defendants, Donyell

Coleman, told federal agents that Mayberry had sold narcotics. After being informed of Coleman's statement, Mayberry admitted his involvement in the conspiracy.

In February 2001, Mayberry agreed to plead guilty in exchange for the government's promise to recommend a three-level sentence reduction for acceptance of responsibility. Despite the plea agreement, however, the government argued against the reduction at the sentencing hearing because it contended that Mayberry had obstructed justice by physically attacking co-defendant Coleman. Special Agent Stonecipher testified that Coleman told him that Mayberry had punched him in the face and threatened to "send somebody down from Chicago to take care of [his] brother and his cousin." In response, Mayberry's attorney proffered that Mayberry would deny the attack, but would admit that "he did get into some argument with Mr. Coleman . . . revolv[ing] around the fact that Mr. Coleman was trying to place blame or . . . allegations against [him], and [he] was mad about it."

The district court concluded that the evidence of the attack was "credible and reasonable" and that "the defendant did willfully obstruct and impede, or attempt to impede, the administration of justice." Accordingly, the district court adjusted Mayberry's base offense level upward two levels for obstruction of justice. The district court then held that Mayberry was not entitled to a reduction for acceptance of responsibility because "when you go after a snitch either because . . . you're mad at him because he's given information, or you're trying to make sure he learns a lesson so he won't give any further information, . . . it flies in the face of an acceptance of responsibility."

II. Discussion

A. Standard of Review

We review de novo whether the district court properly interpreted the sentencing guidelines, United States v. Johnson, 227 F.3d 807, 812 (7th Cir. 2000), cert. denied, 121 S. Ct. 1967 (2001), but review the district court's underlying factual findings for clear error. United

States v. McGiffen, 267 F.3d 581, 591 (7th Cir. 2001). Under the clear error standard, the reviewing court will reverse only when it "is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948); United States v. Ewing, 129 F.3d 430, 433-34 (7th Cir. 1997). The district court's determinations regarding obstruction of justice under U.S.S.G. sec. 3C1.1 and acceptance of responsibility under U.S.S.G. sec. 3E1.1 are factual determinations reviewed for clear error. United States v. Stokes, 211 F.3d 1039, 1044 (7th Cir. 2000); United States v. Simmons, 218 F.3d 692, 696 (7th Cir. 2000), cert. denied, 531 U.S. 1097 (2001).

B.  Obstruction of Justice

   The sentencing guidelines require a court to adjust upward two levels the defendant's base offense level if the "defendant willfully obstructed or impeded . . . the administration of justice during the course of the investigation, prosecution, or sentencing." U.S. Sentencing Guidelines Manual sec. 3C1.1; see also Ewing, 129 F.3d at 434. Such an adjustment applies when the defendant "threaten[s], intimidat[es], or otherwise unlawfully influenc[es] a co-defendant." U.S. Sentencing Guidelines Manual sec. 3C1.1, cmt. n.4; see also Johnson, 227 F.3d at 815. To receive the two-level adjustment, the defendant need not have been successful in his attempt to obstruct justice; the attempt itself is sufficient. Ewing, 129 F.3d at 435.

   On appeal, Mayberry asserts that he had no reason to attack Coleman after already confessing his role in the conspiracy and also argues that the district court should not have relied on Special Agent Stonecipher's hearsay testimony regarding the alleged attack. Whether Mayberry attacked Coleman is an issue of credibility, and we give special deference to the district court's credibility determinations. United States v. White, 240 F.3d 656, 661 (7th Cir. 2001). The Federal Rules of Evidence do not apply to sentencing hearings; therefore, the district court was entitled to rely on Stonecipher's

testimony, despite it being hearsay. Johnson, 227 F.3d at 813; United States v. McClellan, 165 F.3d 535, 552 (7th Cir. 1999). A sentencing court may consider hearsay evidence so long as it is reliable and the defendant has the opportunity to rebut it. United States v. Payton, 198 F.3d 980, 983 (7th Cir. 1999). Stonecipher's hearsay testimony had the indicia of reliability because it was corroborated by Mayberry's admission that he had an argument with Coleman about Coleman's proffer that Mayberry had sold crack cocaine. Further, Mayberry offered no evidence to rebut Stonecipher's testimony, despite having the opportunity to do so. His attorney's denial of the attack does not constitute evidence. See United States v. Purchess, 107 F.3d 1261, 1267 (7th Cir. 1997). It follows, then, that the district court did not clearly err by crediting Stonecipher's testimony.

Mayberry next argues that even if he did attack Coleman, he did not obstruct justice because the attack occurred after he had admitted his involvement in the conspiracy. Thus, he contends, he could not have interfered with "the investigation, prosecution, or sentencing." See U.S. Sentencing Guidelines Manual sec. 3C1.1. This argument, however, is unavailing because Mayberry attacked Coleman before pleading guilty. All that is required for obstruction of justice is that the act "could affect, to some reasonable probability, the outcome of the judicial process; the [act] does not have to succeed in affecting the outcome." United States v. Duncan, 230 F.3d 980, 988 (7th Cir. 2000). It is possible that the attack on Coleman could have influenced Coleman to retract his statement, and perhaps embolden Mayberry to go to trial or to dispute relevant conduct. Therefore, the district court did not clearly err by concluding that Mayberry had obstructed justice.

C.  Acceptance of Responsibility

Mayberry further argues that the district court erred in refusing to adjust his sentence downward for acceptance of responsibility. Typically, a defendant who accepts responsibility for his actions is entitled to a reduction in his sentence, U.S.

Sentencing Guidelines Manual sec. 3E1.1; Johnson, 227 F.3d at 815, but "[a] defendant who has obstructed justice is presumed not to have accepted responsibility," United States v. Buckley, 192 F.3d 708, 711 (7th Cir. 1999); U.S. Sentencing Guidelines Manuel sec. 3E1.1, cmt. n.4 ("[Obstructing justice] ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct."). Nevertheless, a defendant can rebut the presumption in extraordinary cases. See U.S. Sentencing Guidelines Manual sec. 3E1.1, cmt. n.4; Buckley, 192 F.3d at 711 (suggesting that reduction would be appropriate if the defendant denied possessing BB gun, but then "fessed up" the next day); United States v. Lallemand, 989 F.2d 936, 938 (7th Cir. 1993) (finding reduction appropriate when the act constituting obstruction occurred before arrest and the defendant cooperated with the government after arrest).

Mayberry does not contend that this is an extraordinary case in which a court should apply adjustments for both obstruction of justice and acceptance of responsibility. Instead, he argues that, because the district court erred in concluding that he obstructed justice, the court also erred in not granting him a reduction for acceptance of responsibility. But that argument lacks support because the district court did not err when it found that Mayberry obstructed justice. See United States v. Anderson, 259 F.3d 853, 862 (7th Cir. 2001) (affirming the denial of a reduction for acceptance of responsibility when the defendant did not argue that his case was extraordinary and when the district court properly applied an obstruction of justice adjustment). In any event, Mayberry is not entitled to a reduction for acceptance of responsibility because his attack on Coleman "belied any sense of remorse that should be attendant to an acceptance of responsibility." Johnson, 227 F.3d at 816 (denying acceptance points because defendant threatened witness after pleading guilty); United States v. Keeter, 130 F.3d 297, 299 (7th Cir. 1997) (denying acceptance points because defendant threatened to kill witness).

III.  Conclusion

For the reasons stated above, we AFFIRM the decision of the district court.