UNITED STATES of America, Plaintiff–Appellee,

v.

Robert Joseph LEEK, Defendant–Appellant.

No. 02–1164.

United States Court of Appeals, Seventh Circuit.

Argued July 9, 2002.

Decided July 15, 2002.

Before POSNER, RIPPLE, and WILLIAMS, Circuit Judges.

### ORDER

Robert Joseph Leek led a grand conspiracy to distribute large quantities of methamphetamine in several states. On the day of his trial Leek decided to plead guilty to conspiring to possess methamphetamine with intent to distribute, *see* 21 U.S.C. §§ 846 and 841(a)(1). The district court sentenced him to life imprisonment. On appeal Leek challenges his sentence, arguing that the court erred by refusing to adjust his offense level for acceptance of

responsibility and by denying his downward departure motion. We affirm.

From January 1996 through April 2000 Leek employed couriers to pick up methamphetamine in Arizona and sell it throughout the Midwest. Three couriers were eventually caught and told law enforcement of Leek's role in the operation. In April 2000 a grand jury returned a one-count indictment charging him with conspiring to distribute methamphetamine. Leek pleaded not guilty and later rejected an offered plea agreement. But after twelve jurors had been selected for his trial, he entered a blind guilty plea.

Leek made only one objection to the presentence investigation report—the probation office's failure to recommend a downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1(a). He also moved for a downward departure on the ground that his case was outside the heartland of cases contemplated by the guidelines. The district court, however, overruled his PSR objection and denied his request for a downward departure. The court calculated his total offense level at 46 (including a two-level upward adjustment for obstruction of justice, *see id.* § 3C1.1), which, coupled with a criminal history category of III, yielded a sentencing range of life imprisonment.

On appeal Leek argues that the district court erred by refusing to reduce his offense level for acceptance of responsibility, a decision we review for clear error. *See United States v. Mayberry*, 272 F.3d 945, 948 (7th Cir.2001). Section 3E1.1 authorizes a two-level downward adjustment if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a); *United States v. Travis*, 294 F.3d 837 (7th Cir. 2002). An additional one-level adjustment is allowed if the defendant's offense level is greater than 16 and he assisted authorities in the investigation or prosecution of his

own misconduct. U.S.S.G. § 3E1.1(b). A defendant who obstructs justice is presumed not to have accepted responsibility. *Id.* § 3E1.1 comment. (n.4); *Travis,* at 839. Because Leek admittedly obstructed justice, he must demonstrate that his case is "extraordinary" to justify a downward adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 comment. (n.4).

Leek's challenge is meritless. Assuming the district court made a mistake, the error was harmless—even with a three-level downward adjustment, his total offense level would have been 43, yielding the same sentencing range of life imprisonment.

■ Moreover, the district court did not clearly err by concluding that Leek failed to accept responsibility. He did not admit to his crime until the government's witnesses were present in the courtroom and ready to testify. Last-minute guilty pleas do not demonstrate acceptance. *United States v. Galbraith,* 200 F.3d 1006, 1016 (7th Cir.2000). And though he contends that he deserved the adjustment because he cooperated with law enforcement officials, there is no evidence of cooperation. Indeed, the court found that Leek obstructed justice by trying to persuade witnesses to lie—a finding he did not challenge. He also contends that he did not cooperate earlier because he feared for the safety of his family. During the sentencing hearing defense counsel cited Leek's fear of threats to his family from the "Mexican Mafia," but counsel did not present evidence to substantiate the alleged threats nor explain how they deterred Leek from admitting his own guilt.

■ Leek also argues that the district court should have departed downward. Specifically, he contends that his case does not fall within the heartland of cases contemplated by the sentencing guidelines because he never denied his own guilt despite understanding that he could receive life imprisonment. This court, however, does not have jurisdiction to review the district court's refusal to depart unless the court erroneously concluded that it lacked authority to depart. *United States v. Crucean,* 241 F.3d 895, 897–99 (7th Cir.2001). Here, the court understood that it could depart, but declined to do so and denied the motion:

I thought Mr. Leek himself spoke very eloquently, and certainly presented a sympathetic story, if one can be possibly gleaned from this circumstance, which I wrote in my note here, "rough business." Well, he certainly was in a rough business, and I think we know that in these cases, as Mr. Abell says, we see them all the time, and this is a rough business. I mean, it is a rough business, period. It certainly was for Mr. Leek, and it's unfortunate for him that he found himself in a do or die situation, but fact of the matter is, he, like so many other drug dealers, and he acknowledges, got himself into this situation. And I don't think the nature of his particular drug enterprise is any different than so many others I've heard about, and certainly not any different from the heartland of cases that the Commission was considering when it drafted the rules with which we are dealing.

So, I find no circumstances in this case that takes this out of the heartland of cases, and find no reason to exercise my discretion to depart downward, and the Motion for Downward Departure will be denied...

(Sentencing hearing, pp. 72–73.) Therefore, we lack jurisdiction to review the district court's refusal to depart.

AFFIRMED.