In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-3425

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

WILLIAM H. TANKERSLEY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 99 CR 181—**Rudy Lozano**, *Judge.*

ARGUED MAY 22, 2002—DECIDED JULY 22, 2002

Before POSNER, KANNE, and WILLIAMS, *Circuit Judges.*

KANNE, *Circuit Judge.* William H. Tankersley pled guilty to two counts of criminal contempt of court. On appeal, Tankersley argues that the district court erroneously declined to reduce his sentence by two levels for acceptance of responsibility; that the district court erred when it enhanced his sentence for substantially interfering with the administration of justice; and that the district court erred when it enhanced his sentence for obstructing the administration of justice. We affirm in part, and we vacate and remand in part.

## I.  Background

The Federal Trade Commission ("FTC") filed a civil fraud suit against Think Achievement Corporation, New Age Advertising, and several other corporations, alleging that the corporations engaged in consumer fraud in connection with a nationwide telemarketing program for persons seeking employment with the Postal Service. Tankersley was added as a defendant in an amended complaint that also sought an injunction and other equitable relief, including restitution and disgorgement. The district court entered temporary restraining orders that enjoined the defendants' unlawful practices, froze their assets, and appointed a temporary receiver. Additionally, a stipulated preliminary injunction was then entered that prohibited Tankersley from, among other things, disposing of or transferring any of his assets.

However, Tankersley sold his Tiara 3500 Express Yacht for approximately $213,500 in violation of the preliminary injunction. In further violation of the injunction, Tankersley attempted to transfer and conceal the proceeds of this sale. Specifically, he attempted to mail a check payable to and endorsed by him in the amount of $191,482.50 to Barclays Bank in Nassau, Bahamas. On the outside of the envelop containing the check, Tankersley used an alias, "John Tinsley," in an attempt to disguise the sender of the check. Shortly thereafter, Tankersley was indicted for two counts of contempt of court for his above stated actions and eventually pled guilty to both counts of contempt the day before trial was scheduled to commence.

At sentencing for the contempt convictions, the district judge determined that Tankersley was not entitled to a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because (1) Tankersley failed to admit all of his involvement in the underlying offenses; (2) Tankersley did not accept any responsibility for his actions until

the day before trial was scheduled to commence; (3) even after he pled guilty, Tankersley continued to engage in conduct that violated the injunction; and (4) Tankersley never showed any remorse for his actions. Further, the district court judge determined that Tankersley's sentence should be enhanced under U.S.S.G. § 2J1.2(b)(2) for substantially interfering with the administration of justice by willfully failing to comply with orders of the district court and that Tankersley's sentence should be enhanced under U.S.S.G. § 3C1.1 for obstructing the administration of justice.

On appeal, Tankersley argues that he is entitled to a two-level reduction for acceptance of responsibility because under the Sentencing Guidelines and under the Fifth Amendment he had a right not to disclose his financial status and relevant conduct beyond what was necessary to convict for the offense of contempt. Tankersley also contends that the district court improperly enhanced his sentence for substantially interfering with the administration of justice. According to Tankersley, the district court improperly "double counted" his conduct by punishing him for contempt and enhancing his sentence on account of the same conduct. Finally, Tankersley contends that the district court erred when it enhanced his sentence for obstructing the administration of justice. The government concedes that the district court's basis for this enhancement was improper but offers alternative grounds for affirming this enhancement that were not considered by the district court.

## II. Analysis

We review the district court's underlying factual findings for clear error and the district court's interpretation of the Sentencing Guidelines *de novo*. *See United States v. Mayberry*, 272 F.3d 945, 948 (7th Cir. 2001).

### A. Acceptance of Responsibility

The Sentencing Guidelines provide for a two-level downward adjustment in offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense," U.S.S.G. § 3E1.1, and the burden is on the defendant to demonstrate that he has accepted responsibility for his conduct. *See United States v. Taliaferro*, 211 F.3d 412, 414 (7th Cir. 2000). When determining whether a defendant is entitled to an acceptance of responsibility reduction, a defendant must "truthfully [admit] the conduct comprising the offense of conviction and [admit] the relevant conduct as it relates to the offense of conviction." *United States v. Carrera*, 259 F.3d 818, 827 (7th Cir. 2001) (quotation omitted). Although a defendant is allowed to remain silent concerning relevant conduct that is "clearly beyond the scope of his offense of conviction," it is in the discretion of the sentencing court to decide "whether the defendant has in all other respects forthrightly avowed responsibility for his crime." *United States v. Hammick,* 36 F.3d 594, 600 (7th Cir. 1994). In *Carrera,* we explained that a finding that the defendant "was not completely honest in his admissions is an appropriate independent justification for denying the reduction" for acceptance of responsibility. 259 F.3d at 828 (finding that the "lack of trustworthiness in [Carrera's] admissions, his limited admissions, and his changing admissions" was "an appropriate independent justification for denying the reduction.").

In this case, the district court found that Tankersley failed to admit all of his involvement in the underlying contempt offense. The district court recognized that during his plea hearing, Tankersley expressly agreed with the government's summary of the facts constituting the crimes charged, including the fact that Tankersley attempted to disguise the check he was mailing to the Bahamas by using an alias. Then, at sentencing, Tankersley denied that he had any knowledge about who placed the name "John

Tinsley" on the envelope. In further support of the district court's finding, the government presented evidence that Tankersley had used aliases on previous occasions. While the district court gave several reasons for declining to grant Tankersley a two-level reduction for acceptance of responsibility, this finding that Tankersley failed to admit all of his involvement in the underlying offense is a sufficient justification by itself. *See id.*

On appeal, Tankersley argues that the district court denied him a reduction because he refused on Fifth Amendment grounds to provide probation with a personal financial statement and to disclose relevant conduct. Tankersley, however, is mistaken. The district court listed multiple reasons for declining to grant Tankersley the two-level reduction for acceptance of responsibility. One reason given was that Tankersley failed to admit all of his involvement in the underlying offense. Because we find no clear error in this determination and because this determination is a sufficient justification to deny the reduction, *see id.*, we must affirm the district court's decision to decline to grant Tankersley a two-level reduction for acceptance of responsibility.

### B. Substantial Interference with the Administration of Justice

Tankersley next contends that the district court erred when it enhanced his sentence for substantially interfering with the administration of justice. The Sentencing Guidelines provide that "if the offense resulted in substantial interference with the administration of justice," the offense level should be increased by three levels. U.S.S.G. § 2J1.2(b)(2). The Sentencing Guidelines further explain that substantial interference includes "the unnecessary expenditure of substantial governmental or court resources." U.S.S.G. § 2J1.2, cmt. n.1. In the present case, Tankersley failed to comply with the district court's preliminary injunc-

tion, and as a result of that failure, the government and the receiver expended substantial resources investigating Tankersley and securing his assets. For example, the government explained at Tankersley's sentencing hearing that many weeks of work went into tracking down and determining what happened to Tankersley's yacht. Thus, the district court properly applied this enhancement.

On appeal, Tankersley contends that because his base offense level for criminal contempt was calculated using the guideline for obstruction of justice, it is not logical to allow an enhancement for substantially interfering with the administration of justice. This argument is misplaced. The Sentencing Guidelines expressly contemplate analyzing the same conduct that constitutes obstruction of justice to determine whether "the offense result[s] in substantial interference with the administration of justice" and, if so, the Sentencing Guidelines direct the sentencing court to enhance the sentence by three levels. U.S.S.G. § 2J1.2(b)(2).

Tankersley further contends that this enhancement cannot apply to him because the district court engaged in double counting by considering the same conduct to enhance his sentence as it considered to punish him for criminal contempt. Contrary to Tankersley's argument, however, double counting occurs when a sentencing court applies two or more *upward adjustments* based on the same conduct. *See United States v. Parolin*, 239 F.3d 922, 928-29 (7th Cir. 2001); *United States v. Salyers*, 160 F.3d 1152, 1163 (7th Cir. 1998). In this case, the district court convicted Tankersley of criminal contempt because he sold his yacht and he attempted to transfer the proceeds of this sale to the Bahamas. Then, at sentencing the district court enhanced Tankersley's sentence because Tankersley's conduct resulted in a substantial interference with the administration of justice.

### C. Obstructing the Administration of Justice

Finally, Tankersley contends that the district court's basis for enhancing his sentence for obstructing the administration of justice under U.S.S.G. § 3C1.1 was erroneous. At sentencing, the district court enhanced Tankersley's sentence because it found that he continued to violate the injunction by concealing assets in storage units and failing to provide certain information to the receiver. However, U.S.S.G. § 3C1.1 does not apply "unless the defendant obstructed the investigation or trial of the obstruction count." U.S.S.G. § 2J1.2, cmt. n.2. The conduct upon which the district court enhanced Tankersley's sentence did not obstruct the investigation or prosecution of the instant offense, rather it obstructed the administration of justice with respect to the FTC civil proceedings. Therefore, as the government conceded at oral argument, the district court's basis for enhancing Tankersley's sentence was erroneous. We vacate this enhancement and remand to the district court to determine whether proper grounds exist for enhancing Tankersley's sentence pursuant to this Sentencing Guideline.

## III. Conclusion

For the foregoing reasons, we AFFIRM in part, and VACATE and REMAND in part for proceedings consistent with this opinion.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-97-C-006—7-22-02