**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Arturo LOPEZ, Defendant–Appellant.**

**No. 01–1984.**

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 20, 2002.

Decided Aug. 20, 2002.

Before BAUER, KANNE and EVANS, Circuit Judges.

## ORDER

Arturo Lopez was part of a large family-based conspiracy to distribute illegal drugs. After he pleaded guilty to one count of conspiring to possess cocaine and marijuana, 21 U.S.C. §§ 846, 841(a)(1), the district court sentenced him to life imprisonment. His appointed counsel has now moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he is unable to discern a nonfrivolous issue for appeal. Because Lopez declined our invitation to file a response, *see* Circuit Rule 51(b), and counsel's *Anders* brief is facially adequate, we limit our review of the record to the potential issues identified in counsel's brief, *see United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

■ Counsel first examines whether Lopez could challenge the validity of his guilty plea, but correctly observes that the district court complied fully with Federal Rule of Criminal Procedure 11, the rule designed to insure that pleas are knowing and voluntary, *see United States v. Wagner*, 996 F.2d 906, 913 (7th Cir.1993). The court explained the nature of the charge, the possible penalties, and the various rights that Lopez would waive by pleading guilty. Lopez's representations during the plea colloquy that he understood the charge and the consequences of his guilty plea are presumed truthful. *See United States v. Standiford*, 148 F.3d 864, 868–69 (7th Cir.1998). Moreover, the government presented to the court a specific factual basis that adequately supports each essential element of the drug offense, *see* Fed. R.Crim.P. 11(f), and Lopez agreed that the government would be able to prove the scenario presented. The court also questioned Lopez to ensure that he was not pressured or coerced to plead guilty, *see* Fed.R.Crim.P. 11(d), and informed him that his sworn testimony at the plea colloquy could be used against him in a future perjury prosecution, *see* Fed.R.Crim.P. 11(c)(5). And although Lopez moved to withdraw his plea, any argument that the court abused its discretion by denying his request would be futile. Sentencing courts may allow a defendant to withdraw his guilty plea before sentencing if the defendant provides a fair and just reason. Fed. R.Crim.P. 32(e); *United States v. Shaker*, 279 F.3d 494, 497 (7th Cir.2002). But Lopez did not supply any reason for vacating his plea; he merely disagreed with aspects of the presentence investigation report. Consequently, we agree with counsel that any challenge to Lopez's guilty plea would be frivolous.

■ Counsel next considers whether Lopez could make nonfrivolous challenges to his sentence. Initially, he evaluates a potential attack on the district court's drug-quantity calculation, a factual finding we would review only for clear error, *see United States v. Galbraith*, 200 F.3d 1006, 1011 (7th Cir.2000). The court adopted the drug-quantity findings contained in the PSR and concluded that Lopez was responsible for selling more than 150 kilograms of cocaine. We agree with counsel that the court relied on evidence bearing sufficient indicia of reliability to calculate that amount. *See United States v. Morrison*, 207 F.3d 962, 967 (7th Cir.2000). The probation officer relied on the testimony of numerous witnesses to conclude that Lopez and his co-conspirators moved in excess of 1250 kilograms of cocaine between 1995 and 1999. Co-conspirators Ernesto Lopez and Luis Acevedo both estimated that Lopez sold cocaine in amounts that far exceeded 150 kilograms. Moreover, three informants described weekly sales amounting to more than 150 kilograms. Thus, we agree with counsel that any challenge to the court's drug-quantity calculation would be frivolous.

Counsel also considers whether Lopez could argue that the district court erred by applying a two-level upward adjustment to his offense level under U.S.S.G. § 2D1.1(b)(1) for possessing a firearm in connection with the crime. We would review the court's finding for clear error, *United States v. Booker*, 248 F.3d 683, 688–89 (7th Cir.2001), and agree with counsel that any such challenge would be frivolous. Several witnesses testified that Lopez routinely carried a gun, and Lopez admitted that he knew his co-conspirators carried firearms. Moreover, Lopez did not present any evidence to suggest that it was "clearly improbable" that possession of these weapons was unrelated to the drug conspiracy. *See United States v. Harris*, 230 F.3d 1054, 1057 (7th Cir.2000).

Counsel then examines whether Lopez could argue that the district court erred when it applied a four-level upward adjustment under U.S.S.G. § 3B1.1(a) for leading the conspiracy—another factual finding we would review for clear error, *United States v. Schuh*, 289 F.3d 968, 972 (7th Cir.2002). We agree with counsel that any such challenge would be frivolous. Lopez admitted in the plea agreement (which incorporated count 1 of the indictment) that the conspiracy was "organized, supervised, and managed by leaders of the Lopez family including ... Arturo Lopez." Moreover, the PSR relied on the accounts of several witnesses who described Lopez's leadership role in the conspiracy.

Counsel also considers whether the district court erred by failing to award Lopez a three-level reduction in his offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. We would review the court's decision only for clear error, *United States v. Mayberry*, 272 F.3d 945, 948 (7th Cir.2001), and we agree with counsel that any such argument would be frivolous. When Lopez moved to withdraw his guilty plea, he falsely denied relevant conduct.

*United States v. Sierra*, 188 F.3d 798, 804 (7th Cir.1999) (defendant not entitled to downward adjustment when he denied committing relevant conduct). But even if the court made a mistake, the error was harmless—even with a three-level downward adjustment, his total offense level would have been 43, yielding the same sentencing range of life imprisonment.

Counsel examines one final issue relating to sentencing—whether Lopez could present a nonfrivolous argument that the district court used the wrong sentencing guidelines manual. The court, however, correctly referred to the November 2000 manual, which was in effect at the time of sentencing, *see* U.S.S.G. § 1B1.11(a). Moreover, defense counsel withdrew an objection on this basis and explicitly agreed that the November 2000 manual controlled, thereby waiving the issue. *See United States v. Staples*, 202 F.3d 992, 995 (7th Cir.2000).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.