UNITED STATES of America, Plaintiff–Appellee,

v.

Clyde G. STURGELL, Defendant–Appellant.

No. 02–1943.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 1, 2002.

Decided Nov. 15, 2002.

Before COFFEY, RIPPLE, and KANNE, Circuit Judges.

## ORDER

In 2001 Clyde Sturgell, age 84, pleaded guilty to one count of bank fraud, in violation of 18 U.S.C. § 1344. At sentencing he requested a downward adjustment for acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and did not contest an upward adjustment for obstruction of justice. Generally a defendant who obstructs justice is presumed not to have accepted responsibility. U.S.S.G. § 3E1.1, comment. (n.4). But there may be "extraordinary cases" where both a downward adjustment for acceptance of responsibility and an upward adjustment for obstruction of justice are appropriate. *Id.* The district court concluded that no extraordinary circumstance existed to warrant the acceptance adjustment in view of Mr. Sturgell's obstructive conduct. We affirm.

Mr. Sturgell was charged on May 3, 2001, and initially summoned to appear before the district court in Urbana, Illinois, on June 6, 2001. He twice requested a continuance. The magistrate judge granted the first continuance and rescheduled the arraignment for July 10, but denied the second request. Mr. Sturgell was informed that his second motion had been denied, but still he did not appear as scheduled on July 10, 2001. The court issued a warrant for his arrest, but at the prosecution's direction the case agent did not attempt to execute the warrant for 21 days in order to give Mr. Sturgell a last chance to come in voluntarily.

Mr. Sturgell was arrested in Arizona on August 24, 2001. He waived an identity hearing in Arizona and was transported to the Central District of Illinois where he was arraigned on October 1 and given a trial date of December 10, 2001. The grand jury later returned a superceding indictment, and Mr. Sturgell was arraigned on that indictment on November 21.

On November 28, the day before a pretrial conference was scheduled, Mr. Sturgell's attorney notified the court that the parties were attempting to reach a plea agreement. On December 3, Mr. Sturgell pleaded guilty pursuant to a plea agreement. That agreement contains a limited waiver of appeal and allows Mr. Sturgell to challenge the court's application of § 3E1.1.

The probation officer calculated Mr. Sturgell's total level to be 18 and his Criminal History Category to be I. This calculation included an upward adjustment for obstruction of justice and did not include a downward adjustment for acceptance of responsibility. Mr. Sturgell objected to the court's refusal to grant an acceptance of responsibility credit, but did not object to the court's granting the adjustment for obstruction of justice.

In the presentence report, the probation officer identified no extraordinary circumstance to warrant an acceptance adjustment. As related in the report, Mr. Sturgell cited as "extraordinary" circumstances: (1) his requests to postpone his arraignment; (2) his inability to reach Urbana in time for the arraignment; and (3) his lack of counsel's assistance before he surrendered. The probation officer opined that these reasons did not rise to the level of extraordinary circumstances in the face of Mr. Sturgell's obstruction of justice.

At sentencing, the district judge stated that he saw nothing extraordinary about a

defendant who pleads guilty two months after his arraignment and one week before trial while reserving the right to appeal a denial of a § 3E1.1 adjustment and adopted the probation officer's recommendations. Mr. Sturgell was sentenced to 27 months in prison.

On appeal Mr. Sturgell argues that the district court improperly denied an adjustment for acceptance of responsibility. Section § 3E1.1 authorizes a two-level downward adjustment if the defendant "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). An additional one-level decrease is authorized if the defendant's offense level is greater than 16 and he timely notified authorities that he intended to plead guilty. *Id.* § 3E1.1(b)(2). A defendant has the burden of establishing, by a preponderance of the evidence, that credit for acceptance of responsibility is warranted. *United States v. Travis*, 294 F.3d 837, 840 (7th Cir.2002). The sentencing judge is in the best position to make judgments concerning a defendant's acceptance of responsibility. *United States v. Frykholm*, 267 F.3d 604, 610–11 (7th Cir.2001). Whether a defendant has accepted responsibility is a factual question reviewed for clear error, and we will affirm absent a "definite and firm" conviction that a mistake occurred. *Id.* (quoting *Anderson v. City of Bessemer City*, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)).

Generally, a defendant who clearly accepts responsibility is entitled to a reduction in his offense level. U.S.S.G. § 3E1.1; *United States v. Mayberry*, 272 F.3d 945, 949 (7th Cir.2001). Conversely, a defendant who obstructs justice is presumed not to have accepted responsibility. *See* U.S.S.G. § 3E1.1, comment. (n.4); *Travis*, 294 F.3d at 840; *Mayberry*, 272 F.3d at 949. But there may be "extraordinary cases" where both a downward adjustment for acceptance of responsibility and an upward adjustment for obstruction of justice are appropriate. U.S.S.G. § 3E1.1, comment. (n.4).

Mr. Sturgell initially tries to undermine the court's application of § 3E1.1 with a challenge to the obstruction-of-justice adjustment he received at sentencing. In his view, his failure to appear should not have been sanctioned with an obstruction adjustment because (1) the magistrate judge denied his request for a second continuance of his arraignment date, (2) the district court purportedly waited three weeks to issue an arrest warrant after he skipped his arraignment, and (3) emotional and physical obstacles were responsible for his delayed return to Urbana. Although these excuses sound frivolous, it is interesting to note that at sentencing Mr. Sturgell withdrew his objection to the upward adjustment for obstruction of justice, and thus that issue is not before this court.

Mr. Sturgell does make three arguments about why he deserved an acceptance adjustment: (1) when he was finally caught in Arizona he waived an identity hearing, (2) he timely pleaded guilty before trial, and (3) the fact that he did not cooperate with authorities in the prosecution should not interfere with his getting acceptance. Although the willingness to waive an identity hearing and prompt entry of a guilty plea might be relevant in analyzing whether to grant an acceptance adjustment, they do not rise to the level of "extraordinary circumstances." We have previously affirmed district court decisions finding nothing "extraordinary" about defendants who pleaded guilty and forfeited assets, *United States v. Monem*, 104 F.3d 905, 910 (7th Cir.1997), or pleaded guilty and cooperated with authorities, *United States v. Yusuff*, 96 F.3d 982, 989 (7th Cir.1996). Similarly, we find that there is nothing extraordinary about a defendant who pleads guilty and waives an identity hearing.

Mr. Sturgell further argues that his failure to cooperate with authorities should not have precluded his receiving an acceptance of responsibility downward adjustment. But there is nothing in the record to suggest that the district court considered Mr. Sturgell's failure to cooperate with authorities in making its decision, and Mr. Sturgell provides no evidence of such a consideration. Indeed, the indictment and factual basis do not even hint that Mr. Sturgell had any accomplices, so his argument about lack of cooperation is less than understandable. In short, Mr. Sturgell's lack of cooperation is not relevant.

We affirm the district court's decision to deny Mr. Sturgell's request for a downward departure because his finding of a lack of an acceptance of responsibility was not clearly erroneous.