# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 01-1311

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

DAVID J. GUNDERSON, JR.,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 00-CR-70—**John C. Shabaz**, *Judge.*

———————

ARGUED FEBRUARY 11, 2003—DECIDED SEPTEMBER 26, 2003

———————

Before EASTERBROOK, ROVNER, and WILLIAMS, *Circuit Judges.*

ROVNER, *Circuit Judge.* While investigating child pornography on the internet, German police downloaded illegal images of children from a computer owned by David Gunderson in Ortfordville, Wisconsin. German authorities alerted Ortfordville police, who obtained a warrant and searched Gunderson's computer on which they found additional illegal images of children. Gunderson pleaded guilty to possessing child pornography and was sentenced to 120 months' imprisonment. He appeals his sentence, but we affirm.

German police downloaded the images from Gunderson's computer in October 1999 after visiting an internet chat room devoted to child pornography. While inside the chat room, police obtained the password needed to access the files on Gunderson's computer over the internet. Using this password, German police downloaded several sexually explicit images of children from Gunderson's computer. Gunderson admitted that the images were his and alerted officers to additional child pornography that he had transferred from his computer's hard drive onto two compact discs. He was indicted for possessing child pornography on a computer hard drive, 18 U.S.C. § 2252A(a)(5)(B) (Count I); shipping child pornography in interstate commerce, *id.* § 2252A(a)(1) (Count II); and criminal forfeiture, *id.* § 2253 (Count III).

Gunderson pleaded guilty to Count I, the possession charge, and agreed to the forfeiture sought in Count III. In exchange for his guilty plea, the government dropped Count II. Prior to sentencing, the probation office submitted a presentence report, which calculated a recommended sentence under the Sentencing Guidelines. The report recounted Gunderson's misdemeanor conviction in 1994 for having "sex with a child age 16 or older"; when Gunderson was 22, he had sex at least twice with his 17-year-old girlfriend. As a result of that conviction, the report recommended that Gunderson's base offense level be increased by five levels for engaging in a "pattern of activity involving the sexual abuse or exploitation of a minor." *See* U.S.S.G. § 2G2.2(b)(4). It also recommended that his base offense level be increased by another five levels for distributing, in addition to possessing, child pornography. *See id.* § 2G2.2(b)(2).

Gunderson objected to both enhancements. He argued that the five-level enhancement for engaging in a pattern of sexually exploiting children was inappropriate because consensual sexual activity with someone over 16 is not a

crime under federal law. He also argued that the distribution enhancement was inappropriate because his computer automatically swapped files with other computers and because he never received money from the people accessing his illegal images. The district court rejected Gunderson's objections and *sua sponte* denied him the three-level reduction for acceptance of responsibility recommended in the presentence report. The court held that Gunderson was ineligible for the acceptance-of-responsibility reduction because by objecting to the distribution enhancement, he had denied relevant conduct. The sentence the court imposed—120 months—was the maximum permitted by statute. *See* 18 U.S.C. § 2252A(b)(2).

We review the district court's decision to apply a sentencing enhancement under the Guidelines *de novo*, *United States v. Mabrook*, 301 F.3d 503, 510 (7th Cir. 2002), and its decision to deny a reduction for acceptance of responsibility for clear error, *United States v. Boos*, 329 F.3d 907, 911 (7th Cir. 2003).

Gunderson first argues that the district court misapplied the Guidelines by assessing a five-level increase to his base offense level for being involved in a "pattern of sexual abuse or exploitation of a minor." *See* U.S.S.G. § 2G2.2(b)(4). Gunderson contends that under federal law consensual sex is criminal only if it involves a minor under 16, *see* 18 U.S.C. § 2243(a), and therefore his state conviction for having sex with his then 17-year-old girlfriend was not a federal crime and does not fall under the Guideline's definition of sexual abuse of a minor. But § 2G2.2 itself provides the relevant definition of the word "minor," which, "[f]or purposes of this guideline[,] . . . means an individual who had not attained the age of 18 years." U.S.S.G. § 2G2.2, comment (n.1). Furthermore, the Guideline reaches not only conduct that constitutes a violation of federal law, but also "similar offense[s] under state law." *Id.* Gunderson's

conviction for having sex with his 17-year-old girlfriend is a state law offense sufficiently similar to the federal crime of sexual abuse of a minor, and therefore the district court did not err when it increased Gunderson's base offense level by five levels under § 2G2.2.

Next, Gunderson argues that the district court should not have assessed a five-level increase in his base offense level for distribution under § 2G2.2(b)(2) because he received no money from the people who downloaded his child pornography, and because he set up his computer to automatically trade files even when he was not using the computer at the time. Although Gunderson did not require other computer users to pay to access his files, he did require them to first upload files to his computer: for each megabyte of files other users uploaded, Gunderson's computer allowed them to download three megabytes of files. These types of swaps, barters, and in-kind transactions are covered under § 2G2.2(b)(2). *United States v. Black*, 116 F.3d 198, 202-03 (7th Cir. 1997). In *Black*, we concluded that the defendant had not distributed child pornography based in part upon the government's stipulation that he did not require the people who downloaded pornography from his computer to give him anything in return. *Id.* at 200. In contrast, Gunderson received valuable consideration from each of the persons who downloaded his illegal images because they could access his files only after they uploaded images to his hard drive. As for his argument that he did not engage in distribution because his computer automatically distributed files, the fact that his computer traded files automatically is irrelevant: Gunderson is the person who programmed his computer to trade files in this manner.

Finally, Gunderson disputes the district court's determination that he failed to accept responsibility for his conduct and therefore was not entitled to a three-level reduction in his base offense level. *See* U.S.S.G. § 3E1.1. The court con-

cluded that Gunderson did not accept responsibility for his conduct when he challenged the presentence report's recommendation that he be assessed a five-level increase for distribution. *See* U.S.S.G. § 3E1.1. Gunderson contends that he challenged only whether his conduct fell under the Guideline definition of distribution, not the fact that he programmed his computer to automatically exchange child pornography. But his contention is not supported by the record. In written objections to the presentence report, Gunderson's attorney maintained that Gunderson was guilty only of downloading and possessing child pornography, not of sharing it with others:

> Beyond simple possession, there is no factual basis for this [distribution] assertion. . . . [H]e possessed/downloaded images of child pornography—period. He was not involved in any scheme or plan which served to place these or other images back into the global canals of e-commerce. His possession did not involve distribution at any conceivable level. The single transfer from his computer's hard drive to his own floppy disc or CD was the single and final destination of these images.

Counsel's objection went well beyond arguing that programming a computer to automatically share files falls outside the Guideline's definition of distribution; it denies that Gunderson shared files at all. Gunderson adopted his counsel's written objections at his sentencing hearing when he told the court that he had read the objections and agreed with them. By adopting the objections, Gunderson denied relevant conduct—sharing his illegal images with others—and therefore the court's decision to deny him a three-level reduction for acceptance of responsibility was not clear error. *See United States v. Tankersley*, 296 F.3d 620, 622 (7th Cir. 2002) (defendant must admit both the conduct comprising the offense as well as other conduct related to the offense).

Accordingly, we AFFIRM the judgment of the district court.

**A true Copy:**

Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*