**UNITED STATES of America,**

v.

**Mark Vincent BUCKLEY.**

**No. 97 CR 615.**

United States District Court,
N.D. Illinois,
Eastern Division.

Dec. 4, 1998.

**1054**

AUSA, U.S. Attorney's Office, Chicago, IL, for U.S.

Micky Forbes, Federal Defender Program, Chicago, IL, for Mark Vincent Buckley.

### *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

On December 19, 1997, the defendant, Mark Buckley, pled guilty to a one count indictment charging him with bank robbery in violation of 18 U.S.C. § 2113(a). In the presentence investigation report ("PSI"), the probation officer placed Mr. Buckley at level 27, Category IV on the Sentencing Table of the United States Sentencing Guidelines ("U.S.S.G."). The PSI included a two point obstruction of justice enhancement for perjury pursuant to U.S.S.G. § 3C1.1. Mr. Buckley objects to the obstruction of justice enhancement on the ground that his false testimony was not material and thus did not constitute perjury. For the reasons set forth below, I find that a two point enhancement for obstruction of justice is not warranted.

#### *Facts*

On August 30, 1997, Mr. Buckley was arrested by the Joliet Police Department in connection with the robbery of the First Midwest Bank in Joliet, Illinois. Mr. Buck-ley admitted to the robbery and provided both an oral and a written confession. In his confession, he stated that he was not on any drugs and had not used alcohol that day. Then, he described the events of the robbery. He stated that he entered the bank on August 30, 1997, carrying a brown briefcase and two bags and had a BB gun hidden in his pants. He placed the brown briefcase on the floor near a writing table and walked to the teller and gave her a note. The note said:

Bomb in bank lobby

A) No alarm! Or bomb will go off in bank!

B) I have a gun

C) Hand over the money! All the cash!

Just be yourself! & Be very careful & act natural!

Or you'll be the first to go!

I have nothing to lose—alarm or any tricks & everybody goes!

He then told the teller "No one will get hurt if you do as I say, or the bomb will go off, no alarms, let me get away." The teller put money in his black bag and he walked out of the bank, leaving the brown briefcase on the floor.

At Mr. Buckley's change of plea hearing, the government was asked to summarize its evidence. The government related the above confessed facts. After the government stated its evidence, Mr. Buckley admitted that the government's statement was true except for the BB gun. Mr. Buckley said that he did not have the BB gun on him when he went to the bank but had left it in the bathroom of the "Jewel." Mr. Buckley made this same statement in his version of the offense submitted to the Probation Office for his PSI. He explained that when he confessed to carrying the BB gun into the bank, his thoughts were muddled as the result of his alcohol and drug use earlier in the morning on the day of the robbery. As a result, his statement that he carried the BB gun into the bank was inaccurate.

In the PSI, the probation officer recommended that Mr. Buckley receive a two point enhancement under U.S.S.G. § 3C1.1 for perjuring himself during the plea hearing by denying, under oath, that he took the BB gun

into the bank. Mr. Buckley objected to the two point enhancement claiming that he had not brought a BB gun into the bank and thus did not lie at the plea hearing.

On May 1, 1998, I held an evidentiary hearing and heard testimony from two witnesses. I found by a preponderance of the evidence that Mr. Buckley did take the BB gun into the bank and thus, had lied at his plea hearing.

### Obstruction of Justice

■■■ U.S.S.G. § 3C1.1 provides that "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." Examples of conduct which warrant enhancement for obstruction include "committing, suborning, or attempting to suborn perjury" and "providing materially false information to a probation officer in respect to a presentence or other investigation for the court." U.S.S.G. § 3C1.1, comment. (n. 3(b) & (h)). The government contends that Mr. Buckley perjured himself at his plea hearing when he said he did not bring the BB gun to the bank and that he provided materially false information to the probation officer by stating in his version of the events that he did not bring the BB gun to the bank and that he was under the influence of drugs when he made his confession.[1]

■■■ A person testifying under oath or affirmation commits perjury if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or fault memory." *United States v. Dunnigan*, 507 U.S. 87, 94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The Seventh Circuit, relying on *Dunnigan*, found that a person does not commit perjury unless his false testimony concerns a material matter. *United States v. Parker*, 25 F.3d 442, 448 (7th Cir.1994). "[T]he law is clear that perjury requires proof that the witness's false testimony concerned a material matter 'designed to substantially affect the outcome of the case ....' " *Id.* (quoting *Dunnigan*, 507 U.S.

at 95, 113 S.Ct. 1111). "[A] 'material' statement is one which, 'if believed, would tend to influence or affect the issue under determination.' " *Id.* (quoting U.S.S.G. § 3C1.1, comment. (n. 5)); *see also United States v. Gaddy*, 909 F.2d 196, 199 (7th Cir.1990) (in determining whether a false statement is material, the court examines the effect of the false statement, if believed, on the issue under determination). The same materiality requirement applies to making a false statement to a probation officer.

At the evidentiary hearing, I found by a preponderance of the evidence that Mr. Buckley lied about the BB gun. I did not make a finding that Mr. Buckley lied about his drug use on the day of the robbery. After reviewing the record, and in particular Mr. Buckley's version of the events, I find that even if Mr. Buckley lied about his drug use, he made the statements to explain why his confession about the BB gun was inconsistent with his statement at the plea hearing.[2] Thus, any ⸱ alleged false statement about his drug use should be considered as part of his false statements about the BB gun.

The issue under determination in this case is Mr. Buckley's sentence. The government contends that Mr. Buckley's false testimony as to the drugs and the BB gun was material because it had the capacity to influence his sentence including whether he received a three point enhancement for possession of a dangerous weapon pursuant to U.S.S.G. § 2B3.1(b)(2)(E) and whether he deserved a downward departure based on his personal circumstances including substance abuse.

### A. Dangerous Weapon Enhancement

■■ U.S.S.G. § 2B3.1(b)(2)(E) provides for a three point enhancement "if a dangerous weapon was brandished, displayed, or possessed" during the course of a robbery. " 'Dangerous weapon' means an instrument capable of inflicting death or serious bodily injury. Where an object that appeared to be a dangerous weapon was brandished, displayed, or possessed, treat the object as a

---

1. The PSI only recommended enhancement for perjury relating to the BB gun.

2. Contrary to the government's position, Mr. Buckley did not make those statements as part of his request for a downward departure.

dangerous weapon." U.S.S.G. § 1B1.1, comment. (n. 1(d)). Under this definition, both the fake bomb and the BB gun were dangerous weapons.

Mr. Buckley contends that he did not give false testimony as to any material matter concerning the enhancement for possession of a dangerous weapon. He argues that when he lied about the BB gun, he had admitted all the facts about the fake bomb and was going to receive a three point enhancement on that basis alone. Thus, even if the court had believed his lie about the BB gun his sentence would not have been affected.

The government responds that Mr. Buckley's false statement about the BB gun was material because the probation officer and the court were considering whether Mr. Buckley should get an enhancement for possessing a dangerous weapon. The probation officer recommended that Mr. Buckley get an enhancement for possession of the BB gun and for the fake bomb. Mr. Buckley initially contested the enhancement on the grounds that he did not possess a BB gun and that a fake bomb is not a dangerous weapon within the meaning of the sentencing guidelines. Consequently, the government argues, Mr. Buckley's lie about the BB gun was material because he was contesting the enhancement and if the court believed him, he would not have received the enhancement. It does not matter that he later conceded the enhancement since attempts to obstruct justice are punishable even where they are not ultimately successful. *See United States v. Winston*, 34 F.3d 574, 580 (7th Cir.1994).[3]

The problem with the government's argument is that at the time Mr. Buckley lied, he was going to receive the dangerous weapon enhancement for possessing the fake bomb despite his legal arguments to the contrary. After Mr. Buckley was arrested, he confessed to carrying a BB gun into the bank and to

robbing the bank with the threat of a fake bomb and a gun. At Mr. Buckley's plea hearing, the government presented its facts of the case. Mr. Buckley agreed with the government's version of the facts except he denied carrying the BB gun into the bank. Mr. Buckley never recanted that he threatened the bank with a fake bomb and left the fake bomb in the bank lobby. Since Mr. Buckley never lied about the bomb or recanted any facts relating to the bomb, he was going to receive the enhancement no matter what he said about the BB gun. Thus, contrary to the government's contention, even if the court believed Mr. Buckley's lie that he was not carrying the BB gun at the time of the robbery, his sentence could not have been affected. *See United States v. DeFelippis*, 950 F.2d 444, 447 (7th Cir.1991) (finding false statements immaterial where they could not have influenced the defendant's sentence, even if believed); *see also Parker*, 25 F.3d at 449 (a defendant's lie to the sentencing court during his plea hearing that his proceeds from the bank robbery were only $200 when in fact the total was $1,252 was not material because the defendant's lie could not have affected the outcome of his guilty plea).

This reasoning is similar to the one made in *United States v. Senn*, 129 F.3d 886 (7th Cir.1997). In *Senn*, the defendant admitted his agreement to accept marijuana instead of cash for earnings in a fraudulent telemarketing scheme. *Id.* at 898. Subsequently, he lied and said that even though he agreed to accept marijuana, a co-conspirator actually removed the marijuana from the trunk of his car and he never received nor sold the marijuana. *Id.* The district court found that the defendant's false testimony was material to the question of his guilt on the charge of conspiracy to distribute marijuana. *Id.* at 898–99. The Seventh Circuit reversed, finding that the defendant, by admitting that he agreed to accept marijuana instead of cash,

---

**3.** The government cites to numerous cases in this circuit for the proposition that attempts to obstruct justice warrant an enhancement but many of them do not discuss what constitutes a material false statement. *See, e.g., United States v. Ramunno*, 133 F.3d 476, 481–82 (7th Cir.1998) (the court does not even address the question of materiality but discusses whether the defendant's attempt to obstruct justice was willful); *United*

States v. Garcia, 69 F.3d 810, 816 & n. 7 (7th Cir.1995) (the defendant conceded that his false statement was material); *United States v. Francis*, 39 F.3d 803, 811–12 (7th Cir.1994) (the court, without any discussion, merely stated that the false statement was obviously material); *United States v. Hankins*, 127 F.3d 932, 934–35 (10th Cir.1997) (states that factual impossibility is not a defense to an attempt to obstruct justice).

had already admitted that he was guilty of conspiracy to distribute. *Id.* at 899. The lie about the sale of marijuana was not material because it could not have affected his guilt on the charge of conspiracy to distribute. *Id.*

The government's two primary cases in this circuit do not require a different outcome. *Gaddy,* 909 F.2d at 199, merely stated that the court had to look at the potential results of the false statements, if believed, to determine whether they were material. The court then found that the lies about the defendant's identity were material because if believed, they would have concealed his identity from the magistrate judge who set bail and from the prosecutor. *Id. United States v. Thomas,* 11 F.3d 1392, 1400–01 (7th Cir. 1993), held that even though a sentencing court does not consider the issue about which the defendant lied, the enhancement for obstruction of justice is still appropriate if the court could have considered the issue and the consideration could have affected the court's determination of the defendant's sentence. In this case, even if the court had believed Mr. Buckley, his false statements about the BB gun could not have affected his sentence. Therefore, his false statements were not material.

### B. Other Sentencing Issues

■ The district court in sentencing may consider, without limitation, any information about the background, character, and conduct of the defendant. *United States v. Jaroszenko,* 92 F.3d 486, 491 (7th Cir.1996). The court also shall consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1). The government argues that Mr. Buckley's lies about drugs and the BB gun were material because they relate to the above factors considered by the court. Consequently, they have the capacity to affect Mr. Buckley's sentence on the issues of (1) where within the guidelines range his sentence should fall and (2) whether he is entitled to a downward departure.

As an initial matter, I do not find Mr. Buckley's false statements material for purposes of determining where within the guidelines range his sentence should fall. Under the government's reasoning, any false statement by a defendant would be material be-

cause any statement by a defendant would somehow relate to his background or the offense. This would vitiate the whole purpose of the materiality requirement. Furthermore, Mr. Buckley's false statements were not material to his request for a downward departure. He requested a downward departure on the grounds of history of substance abuse, remorse, and serious post-offense rehabilitation. His false statements about substance abuse on the day of the robbery were not material to determining whether he had a history of substance abuse. Mr. Buckley would need to introduce evidence of a history of abuse; not just one day's drug use. Similarly, whether or not Mr. Buckley had a BB gun on the day of the robbery was not material to whether he subsequently felt remorse or exhibited post-offense rehabilitation.

### Conclusion

For the foregoing reasons, I find that Mr. Buckley's false statements were not material to his sentencing and thus, a two-point enhancement for obstruction of justice is not warranted.