UNITED STATES of America,
Plaintiff–Appellant,

v.

Mark V. BUCKLEY, Defendant–
Appellee.

No. 99–1288.

United States Court of Appeals,
Seventh Circuit.

Argued June 9, 1999.

Decided Sept. 22, 1999.

Carolyn F. McNiven (argued), Chicago, IL, for plaintiff-appellant.

Micky Forbes (argued), Office of the Federal Defender Program, Chicago, IL, for defendant appellee.

Before POSNER, Chief Judge, and BAUER and DIANE P. WOOD, Circuit Judges.

POSNER, Chief Judge.

The defendant pleaded guilty to bank robbery, 18 U.S.C. § 2113(a), and was sen-tenced to 63 months in prison. 31 F.Supp.2d 1053 (N.D.Ill.1998). The gov-ernment appeals the sentence, claiming that Buckley should have been given an obstruction of justice enhancement and de-nied an acceptance of responsibility dis-count. U.S.S.G. §§ 3C1.1, 3E1.1. If the government is right, Buckley should have received a minimum sentence of 100 months.

Buckley had entered the bank carrying a briefcase plus a BB gun hidden in his waistband, and had handed a teller a note saying that he had a gun and a bomb. The sentencing guidelines provide for en-hanced punishment for robbery "if a dan-gerous weapon was brandished, displayed, or possessed" during the robbery. U.S.S.G. § 2B3.1(b)(2)(E). A harmless ob-ject that "appeared to be a dangerous weapon" is treated as if it were a danger-ous weapon. U.S.S.G. § 1B1.1, Applica-tion Note 1(d); § 2B3.1, Application Note 2; *United States v. Robinson*, 20 F.3d 270, 277 (7th Cir.1994); *United States v. Vin-cent*, 121 F.3d 1451, 1455 (11th Cir.1997); *United States v. Dixon*, 982 F.2d 116, 122 (3d Cir.1992). The parties agreed from the first that a BB gun is either a danger-ous weapon or appears to be a dangerous weapon. But at his guilty plea hearing and in a statement to his probation officer Buckley denied that he had had the gun with him during the robbery. The proba-tion officer did not believe him (when ar-rested, Buckley had confessed to having had the gun with him during the robbery), and he also thought that the briefcase appeared to be a dangerous weapon by virtue of the statement in the note to the teller that Buckley had a bomb.

At sentencing the district judge both found that Buckley had in fact had the BB gun with him (which he no longer denies) and ruled that the briefcase fit the guidelines definition of a dangerous weap-on, a ruling that was undoubtedly correct, *United States v. Dzielinski*, 914 F.2d 98 (7th Cir.1990); *United States v. Vincent*,

*supra,* 121 F.3d at 1455, and that Buckley does not contest. But precisely because the briefcase was classifiable as a dangerous weapon, the judge concluded that Buckley's lie about the BB gun was immaterial and so not an obstruction of justice. She further found that he was contrite and therefore entitled to a sentencing discount for acceptance of responsibility.

The district judge misconstrued the legal concept of materiality as it is understood in cases of obstruction of justice whether under the guidelines or under the general law of obstruction of justice.

The term "obstruction of justice" refers to efforts to impede the processes of legal justice, e.g., *United States v. Aguilar,* 515 U.S. 593, 598–602, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995), including the sentencing process (Buckley made no effort to obstruct the guilt determining process). *United States v. Wells,* 154 F.3d 412, 414 (7th Cir.1998); *United States v. Green,* 114 F.3d 613, 619–20 (7th Cir.1997); *United States v. Winston,* 34 F.3d 574, 579–80 (7th Cir.1994); *United States v. Gilbert,* 173 F.3d 974, 979 (6th Cir.1999). We emphasize "efforts." Obstruction of justice is a crime (more precisely a medley of crimes, see 18 U.S.C. ch. 73; Lisa R. Rafferty & Julie Teperow, "Obstruction of Justice," 35 *Am.Crim. L.Rev.* 989 (1998), as well as a basis for enhanced punishment) of attempting; success is not an element in either situation. See, e.g., 18 U.S.C. § 1503; *United States v. Aguilar, supra,* 515 U.S. at 601–02, 115 S.Ct. 2357; *United States v. Ewing,* 129 F.3d 430, 435 (7th Cir.1997); *United States v. Muhammad,* 120 F.3d 688, 694–95 (7th Cir.1997); *United States v. Sayetsitty,* 107 F.3d 1405, 1410 (9th Cir.1997). When obstruction takes the form, as in this case, of perjury or other lying, see, e.g., *United States v. Dunnigan,* 507 U.S. 87, 93–94, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993); *United States v. Norris,* 300 U.S. 564, 574, 57 S.Ct. 535, 81 L.Ed. 808 (1937); *United States v. Hach,* 162 F.3d 937, 948–49 (7th Cir.1998); *United States v. Molina,* 172 F.3d 1048, 1058 (8th Cir.1999); U.S.S.G. § 3C1.1 and Application Note 4, the materiality of the lie becomes a focus of inquiry because a lie that is immaterial to the justice process is not a potential interference with it. See *United States v. Barrett,* 111 F.3d 947, 953 (D.C.Cir.1997); *United States v. Surasky,* 976 F.2d 242, 246 n. 5 (5th Cir.1992). But because the offense is one of attempting rather than of succeeding in obstructing justice, all that is required for a lie to be material is that it could, to some reasonable probability, affect the outcome of the process (here, the sentence). U.S.S.G. § 3C1.1, Application Note 6; *United States v. Gaudin,* 515 U.S. 506, 509, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); *United States v. Craig,* 178 F.3d 891, 901–02 (7th Cir.1999); *United States v. Sarihifard,* 155 F.3d 301, 306 (4th Cir. 1998). That it did not actually affect it is—immaterial. E.g., *United States v. Harrison,* 42 F.3d 427, 430 (7th Cir.1994); *United States v. DeZarn,* 157 F.3d 1042, 1051–52 (6th Cir.1998); *United States v. Sarihifard, supra,* 155 F.3d at 306; Kathryn Kavanaugh Baran & Rebecca I. Ruby, "Perjury," 35 *Am.Crim. L.Rev.* 1035, 1049–52 (1998).

The purpose of punishing obstruction of justice is not just to prevent miscarriages of justice but also to reduce the burden on the justice system. *United States v. Norris, supra,* 300 U.S. at 574, 57 S.Ct. 535; *United States v. Wells, supra,* 154 F.3d at 414–15. If a defendant throws a monkey wrench into it the system is damaged even if the only cost is that of removing the monkey wrench before it can wreck the system. Which is what happened here. By falsely denying that he had had the BB gun with him during the robbery, Buckley induced the probation service to search around for an alternative basis for the dangerous-weapon enhancement; and since a briefcase does not look like a dangerous weapon, or indeed a weapon of any sort, there was some chance that the judge, if she believed Buckley's lie about the gun, would not impose a danger-

ous-weapon enhancement at all. Buckley tried to gum up the works, and the probation service, the U.S. Attorney's office, and the district judge all had to spend time to remove the gum. No more is necessary to establish an obstruction of justice and require the obstruction of justice enhancement.

Although a defendant who has obstructed justice is presumed not to have accepted responsibility, U.S.S.G. § 3E1.1, Application Note 4; *United States v. Larsen*, 909 F.2d 1047, 1050 (7th Cir.1990), it is possible to imagine cases in which the presumption would be rebutted. *United States v. Hopper*, 27 F.3d 378, 383 (9th Cir.1994), caused a fluttering in the judicial dovecotes by suggesting that a defendant who had obstructed justice could wipe the slate clean, and earn the acceptance of responsibility discount, just by pleading guilty and thereafter refraining from obstructing justice further. That position has been rejected, and rightly so in our view, by the other circuits to have confronted the issue, e.g., *United States v. Honken*, 184 F.3d 961 (8th Cir. 1999); *United States v. Dozier*, 162 F.3d 120, 127 (D.C.Cir.1998) (alternative holding); *United States v. Hawley*, 93 F.3d 682, 689–90 (10th Cir.1996), as being inconsistent with the language of the guidelines and, we add, with common sense. The fact that a defendant having done everything he could to obstruct justice runs out of tricks, throws in the towel, and pleads guilty does not make him a prime candidate for rehabilitation. But suppose that Buckley in his first interview with the police had denied possession of the BB gun but the very next day had 'fessed up. That initial obstruction of justice would require additional punishment but would not absolutely preclude a discount for acceptance of responsibility. *United States v. Lallemand*, 989 F.2d 936, 938 (7th Cir.1993). The sequence here, however, was the reverse. Buckley first admitted the possession of the gun and then denied it right up through the sentencing hearing. He may

be, as the district judge thought, remorseful and contrite—but not to the extent of being willing to be punished to the full extent of the law. He thus is unwilling to accept *full* responsibility for his conduct, and without full acceptance there can be no acceptance of responsibility sentencing discount. *United States v. Brown*, 47 F.3d 198, 204 (7th Cir.1995). We thus do not see how obstruction of justice at the sentencing hearing can be thought consistent with acceptance of responsibility. *United States v. Larsen, supra*, 909 F.2d at 1050; *United States v. Honken, supra*; *United States v. Loeb*, 45 F.3d 719, 722 (2d Cir. 1995). The judge, of course, did not think that Buckley had obstructed justice; but when her error in that regard is corrected, no possible ground remains for finding acceptance of responsibility.

The judgment is vacated and the case is remanded for resentencing in conformity with this opinion.