> **UNPUBLISHED ORDER**
> Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 7, 2006
Decided December 12, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-1629

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Southern District of Illinois |
| *v.* | |
| MICHAEL R. PEYLA, *Defendant-Appellant.* | No. 3:04-CR-30010-007-MJR |
| | Michael J. Reagan, *Judge.* |

## O R D E R

Michael Peyla pleaded guilty to conspiring to possess and distribute marijuana, *see* 21 U.S.C. §§ 846, 841(a)(1), and to possessing with intent to distribute marijuana, *see id.* §§ 841(a)(1), (b)(1)(B). The district court sentenced him to 150 months' imprisonment—one month less than the bottom of the applicable guidelines range. Peyla has filed a notice of appeal, but his appointed counsel informs us that he is unable to discern a nonfrivolous basis for the appeal and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Because counsel's supporting brief is facially adequate and Peyla has not responded to his attorney's motion, *see* Cir. R. 51(b), we review only the potential issues that counsel has identified. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

As an initial matter, counsel informs us that Peyla does not want his guilty plea vacated, so counsel appropriately avoids any discussion about the voluntariness of the plea or the adequacy of the colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

As far as potential arguments for the appeal, counsel first considers whether Peyla could challenge the two-level increase for obstruction of justice. In order to mount a successful challenge, Peyla would have to establish that his testimony at the sentencing hearing—which the district court discredited—was actually truthful. Peyla testified that he first became involved in the conspiracy on its very last day of operation and that he was responsible for only the amount of marijuana he handled that day—less than 50 pounds—and not for the several thousands of kilograms possessed by his co-defendants during the course of the conspiracy. He maintained that if his barn and his auto body repair shop were used to store marijuana prior to that date, it was without his knowledge, and he denied that he was paid for his role in the conspiracy.

It would be frivolous for Peyla to argue that this testimony was truthful. Three of Peyla's co-defendants—Jack Williams, Edward Trober, and Thomas Dukeman—testified at the sentencing hearing, and they contradicted Peyla's story. Their testimony indicated that the marijuana was stored in Peyla's shop and barn with his knowledge, that he helped load vehicles with large sums of money and unload vehicles containing drugs, and that he was paid for his involvement. Because Peyla lied repeatedly about matters that related directly to the offense of conviction, the district court's decision to impose the obstruction of justice enhancement was justified. *See* U.S.S.G. § 3C1.1 cmt. nn.2 & 4(f); *United States v. Sharp*, 436 F.3d 730, 736-38 (7th Cir. 2006).

Second, counsel considers whether Peyla could challenge the district court's refusal to allow a reduction for acceptance of responsibility and concludes that Peyla's obstruction of justice would render such a challenge futile. Although we have held that some defendants who obstruct justice may nevertheless qualify in "extraordinary cases" for a reduction for acceptance of responsibility, *see* U.S.S.G. § 3E1.1 cmt. n.4; *United States v. Travis*, 294 F.3d 837, 840 (7th Cir. 2002) ("[O]bstruction-of-justice and acceptance-of-responsibility adjustments are not always mutually exclusive."), Peyla's situation does not present one of these "extraordinary cases." The reduction may be appropriate where a *de minimis* obstruction early in an investigation is followed quickly by acceptance of responsibility. *See United States v. Buckley*, 192 F.3d 708, 711 (7th Cir.1999); *United States v. Lallemand*, 989 F.2d 936, 938 (7th Cir.1993). But as we have already noted, the district court justifiably concluded that Peyla falsely minimized his role in the offense and falsely denied the extent of his relevant conduct right up until the moment he was sentenced.

Third, counsel considers whether Peyla could challenge the district court's finding that he was responsible for more than 1000 but less than 3000 kilograms of marijuana, a finding which we will uphold unless clearly erroneous. *See United States v. Marty*, 450 F.3d 687, 689 (7th Cir. 2006). The district court's estimate was conservative and amply supported by testimony from Williams, Trober, and Dukeman. The only evidence that suggests that Peyla was responsible for a lesser quantity is his own self-serving and discredited testimony, and thus challenging the quantity finding on appeal would be futile.

Fourth, counsel asks whether Peyla could challenge the district court's denial of a minimal- or minor-role reduction, *see* U.S.S.G. § 3B1.2, because Peyla was less culpable than some of his co-defendants. It is Peyla's burden to show that he was entitled to a reduction under § 3B1.2, *see United States v. Corral*, 324 F.3d 866, 874 (7th Cir. 2003), and Peyla cannot meet this burden by pointing to his false testimony minimizing his role. The credible testimony of Peyla's co-defendants showed that Peyla allowed his business and barn to be used to store large shipments of marijuana; participated in loading and unloading drugs and money; helped to build false compartments in vehicles to conceal money and drugs; and was paid for it. Given this level of involvement, any argument that the district court incorrectly denied a reduction under § 3B1.2 would be frivolous. *See Corral*, 324 F.3d at 874 (7th Cir. 2003) (holding that § 3B1.2 reduction was not justified for defendant who allowed apartment to be used as a "stash house").

Fifth, counsel considers whether Peyla could challenge the district court's finding that he was not eligible for the "safety valve," which allows certain non-violent, first-time drug offenders to avoid application of statutory mandatory minimum sentences, *if* they cooperate with the government before sentencing. *See* 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2(a). Peyla bears the burden of proving his eligibility for the safety valve by a preponderance of evidence. *See United States v. Montes*, 381 F.3d 631, 634 (7th Cir. 2004). Apparently, Peyla attempted to proffer information to the government on one occasion, but the agent cut the meeting short on the belief that Peyla was lying about his role in the conspiracy. We agree with counsel that Peyla cannot demonstrate that he is eligible for the safety valve based on this single unfruitful meeting with the government.

Finally, counsel considers whether it would be frivolous to challenge the reasonableness of Peyla's sentence in light of the sentencing factors contained in 18 U.S.C. § 3553(a). Peyla presented several arguments for a below-guidelines sentence before the district court, but only one merits discussion. Peyla argued that a within-guidelines sentence would create an unjust "disparity" because Peyla would receive a greater sentence than Trober, the conspiracy's "kingpin." But we agree with the district court that any disparity was "self-inflicted." Had Peyla admitted his role in the conspiracy—thereby presumably avoiding the enhancement

for obstruction of justice and qualifying for a reduction for acceptance of responsibility—his guidelines range would have been much lower.  We find no error in the district court's refusal to adjust Peyla's sentence downward based on this "disparity."  After considering Peyla's arguments and the § 3553(a) factors, the district court sentenced him to 150 months' imprisonment, one month below the guidelines range.  We find nothing unreasonable in that sentence.

Therefore, we GRANT the motion to withdraw and DISMISS this appeal.