NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 15, 2009
Decided November 13, 2009

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 08-3651

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br> *v.* <br><br> ROBERT MICHENER, <br> *Defendant-Appellant*. | Appeal from the United States District Court for the Western District of Wisconsin. <br><br> No. 08 CR 47 <br><br> Barbara B. Crabb, <br> *Chief Judge*. |

**O R D E R**

Robert Michener pleaded guilty to conspiracy to distribute marijuana. *See* 21 U.S.C. §§ 846, 841(a)(1). After finding that Michener had obstructed justice prior to his arrest, the district court refused to award him a downward adjustment under U.S.S.G. § 3E1.1 for acceptance of responsibility. Michener challenges the denial of acceptance points, but we affirm the judgment.

For approximately four years between 2002 and 2006, Michener was the leader of a network that supplied marijuana to customers in Wisconsin. As government investigators closed in, Michener resorted to drastic measures to avoid being ensnared. He threatened to kill anyone who cooperated, and when one of his associates was arrested and agreed to assist the investigation, Michener shipped him off to the Philippines and bankrolled his hideout.

But the ploy ultimately failed, and Michener was arrested.  By all accounts, he then cooperated fully with investigators and even led them to $126,000 in drug proceeds stashed at a co-conspirator's house.  In June 2008, Michener agreed to plead guilty.  The parties contemplated that the government would move under U.S.S.G. § 5K1.1 for a sentence below the guidelines range if Michener provided substantial assistance before sentencing.  The plea agreement makes no mention of adjustments for either acceptance of responsibility or obstruction of justice.

In preparing the presentence investigation report, the probation officer concluded that Michener had obstructed justice by threatening to kill cooperating associates and sending one of them off to the Philippines.  She recommended that Michener receive obstruction points under U.S.S.G. § 3C1.1.  Although the probation officer acknowledged that there are "extraordinary cases" in which a defendant may receive added points for obstruction of justice *and* at the same time receive a point reduction for acceptance of responsibility, she recommended that Michener not receive a two-level decrease for acceptance of responsibility under U.S.S.G. § 3E1.1.  Michener objected to both the proposed increase for obstruction and the recommendation against acceptance points.

Michener did not withdraw his objection to the proposed increase for obstruction before his sentencing hearing in October 2008.  Not until that hearing did defense counsel finally concede that Michener's obstructive conduct was beyond dispute, and even then counsel tried to minimize Michener's behavior by suggesting that it was not "real serious" given that no one was injured.  There is no evidence in the record, however, that Michener's waffling about whether or not he opposed the increase for obstruction played any part in the district court's decision to deny an adjustment for acceptance of responsibility.  After finding that Michener had obstructed justice, the district court also found that the case was not extraordinary and did not warrant a reduction under § 3E1.1.  After explaining that Michener's "very serious" behavior was in "a different category" from most obstructive conduct, the court reasoned that Michener's "helpful" assistance after his arrest was "not in any way so extraordinary as to make him eligible for acceptance of responsibility."  The court added that, even if Michener had not obstructed justice, acceptance points would not be warranted because he continued to deal marijuana for a year after discovering he was under investigation.  The district court calculated the final guidelines range to be 210 to 262 months and then invited the parties to address the factors listed in 18 U.S.C. § 3553(a).  The court granted the government's motion for a below-range sentence in recognition of Michener's substantial assistance and sentenced him to 151 months' imprisonment.

Section 3E1.1 is designed to reward defendants who exhibit genuine contrition. *United States v. Woodard*, 408 F.3d 396, 397 (7th Cir. 2008). The burden is on the defendant to demonstrate that he has accepted responsibility for his offense. *United States v. Silvious*, 512 F.3d 364, 370 (7th Cir. 2008). But a defendant who has obstructed justice is presumed not to have accepted responsibility, and only in extraordinary cases will both adjustments be appropriate. U.S.S.G. § 3E1.1 cmt. n.4. We review a sentencing court's decision not to award acceptance points for clear error. *United States v. Acosta*, 534 F.3d 574, 580–81 (7th Cir. 2008).

In *United States v. Krasinski*, 545 F.3d 546 (7th Cir. 2008), we upheld a district court's refusal to award acceptance points under similar circumstances. The defendant in *Krasinski* received obstruction points for threatening the life of a co-conspirator but refrained from any further obstructive behavior once he pleaded guilty. *Id.* at 553–54. The defendant had pleaded guilty only after he became convinced that his effort to obstruct justice would not succeed, and thus we upheld the district judge's finding that the circumstances were not extraordinary. *Id.* at 554. Although all Michener's obstructive behavior occurred before he was arrested, rather than before he pleaded guilty, this is a distinction without a difference.

It does not matter that, unlike the defendant in *Krasinski*, Michener provided substantial assistance to the government after his obstructive conduct ceased. The discounts for acceptance of responsibility and for providing substantial assistance recognize and reward distinct behaviors and should be evaluated "independently." U.S.S.G. § 5K1.1 cmt. n.2. Just as pleading guilty is insufficient to demonstrate acceptance of responsibility, *Krasinski*, 545 F.3d at 554, so too is providing substantial assistance.

The crux of Michener's appeal is an attempt to shoehorn his disagreement with the district court's factual determination into an argument that the court misinterpreted § 3E1.1. Michener's claim is that a case is extraordinary as a matter of law whenever a defendant's conduct can be neatly bifurcated into pre-arrest obstruction of justice and post-arrest cooperation. That proposition is not unheard of; the Ninth Circuit so held, *see United States v. Hopper*, 27 F.3d 378, 383 (9th Cir. 1994), and the Sixth Circuit recently adopted the same position, *see United States v. Gregory*, 315 F.3d 637, 640–41 (6th Cir. 2003). But we have explicitly rejected the Ninth Circuit's position. *United States v. Buckley*, 192 F.3d 708, 711 (7th Cir. 1999). As we explained, a defendant who obstructed justice cannot "wipe the slate clean, and earn the acceptance of responsibility discount, just by pleading guilty and thereafter refraining from obstructing justice further." *Id.* The Fifth Circuit, Eighth Circuit, and Tenth Circuit agree with our view. *See United States v. Salazar-Samaniega*, 361 F.3d 1271, 1278–80 (10th Cir. 2004); *United States v. Chung*, 261 F.3d 536, 540 (5th Cir. 2001); *United States v. Honken*, 184 F.3d 961, 967–73 (8th Cir. 1999).

Michener counters by citing *United States v. Lallemand*, 989 F.2d 936 (7th Cir. 1993), for the proposition that there is "no logical or practical incompatibility, and no barrier in the language of the guidelines," to allotting an upward adjustment to a defendant for obstruction of justice that occurred at "time *t*" and granting a downward adjustment to that same defendant for acceptance of responsibility that occurred at "time *t*+1," *id.* at 938. That is true as far as it goes. But *Lallemand* does not support Michener's insistence that both adjustment are *required* under such circumstances. The defendant still must do something more to demonstrate acceptance of responsibility than merely refrain from obstructing justice.

Michener also argues that the district court erred as a matter of law when it weighed the seriousness of his obstructive behavior against the nature of his cooperation and determined that he had not accepted responsibility. But we have consistently allowed sentencing judges to compare indicia of acceptance of responsibility with the defendant's obstructive behavior in deciding whether the particular case is extraordinary. *See, e.g., Krasinski*, 545 F.3d at 554; *United States v. Boyle*, 484 F.3d 943, 944–45 (7th Cir. 2007); *United States v. Keeter*, 130 F.3d 297, 299 (7th Cir. 1997). That approach is endorsed by the guidelines, *see* U.S.S.G. § 3E1.1. cmt. nn.3, 4, and is consistent with the methodology adopted by the other circuits that have rejected the Ninth Circuit's definition of an extraordinary case, *see Salazar-Samaniega*, 361 F.3d at 1280 (endorsing totality-of-the-circumstances approach); *Honken*, 184 F.3d at 968 (weighing defendant's actions). The district court did not err by faithfully following the sentencing guidelines and our caselaw.

AFFIRMED.