**UNITED STATES OF AMERICA,**
**Plaintiff–Appellee,**

v.

**Frank S. PONS, Defendant–Appellant.**

**No.  15–1193.**

United States Court of Appeals,
Seventh Circuit.

Argued July 8, 2015.

Decided Aug. 4, 2015.

Jason A. Yonan, Attorney, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Michael Bernard Nash, Attorney, Chicago, IL, for Defendant–Appellant.

Before POSNER, SYKES, and HAMILTON, Circuit Judges.

SYKES, Circuit Judge.

Frank Pons was charged with committing wire fraud, 18 U.S.C. § 1343, and equity skimming, 12 U.S.C. § 1715z–19, and was released from custody pending trial. Two months before trial was scheduled to begin, he fled the country. He eventually turned himself in to U.S. authorities in Brazil and later pleaded guilty to the two offenses. At sentencing the district court applied a two-level upward adjustment for obstruction of justice, *see* U.S.S.G. § 3C1.1, refused to apply a reduction for acceptance of responsibility, *see id.* § 3E1.1, and imposed a within-guidelines prison term of 78 months. On appeal Pons challenges the district court's decision not to apply § 3E1.1. We affirm. The district court did not clearly err in concluding that Pons's circumstances were not so extraordinary as to warrant credit for acceptance of responsibility.

## I. Background

From 2006 through 2009, Pons engaged in wire fraud and equity skimming in connection with purchasing and managing real estate. He made his initial appearance on these charges in October 2011. A magistrate judge allowed his release pending trial, but ordered him to surrender his passport and forbade him from obtaining a new one.

After extended pretrial proceedings, trial was set for March 25, 2013. Pons was supposed to attend a final pretrial conference on March 15, but he failed to appear. The district court issued a bench warrant, and two federal agents visited Pons's home to determine his whereabouts. The agents learned from Pons's mother that he had left two months earlier and did not tell her where he was going or when he was coming back.

It turns out that Pons had fled the United States in January 2013 bound for London, Amsterdam, Hong Kong, and Brazil. He obtained a new passport in July 2012 after falsely asserting that he had lost his old one. Pons wrote in his application that he planned to go to Canada in October for ten days. In March 2014 the government learned through Pons's lawyer that Pons wanted to turn himself in, and the U.S. Marshals Service arranged for him to fly back to the United States from Rio de Janiero. Once in custody, Pons promptly pleaded guilty.

At sentencing Pons conceded that he faced a two-level upward adjustment under the Sentencing Guidelines for obstructing justice. *See* § 3C1.1. Still, he urged the district court to reduce his offense level under § 3E1.1 for acceptance of responsibility. He contended that his situation was "extraordinary" because he did not wait to get caught after fleeing but instead self-surrendered in a country where there "is no extradition treaty" with the United States, and thus he "could not be extradited." He cited no authority for that contention, however. Pons apologized to the judge for fleeing and announced that he had decided to come back "to do what is right."

The judge concluded that Pons had not adequately demonstrated acceptance of responsibility to overcome his acts of obstructing justice. The judge noted that even before Pons fled, he had not spared the government the time and expense of preparing the case for trial because the parties were only two weeks away from trial when they learned of his disappearance and had prepared witnesses, motions

in limine, jury instructions, and opening and closing statements. The judge also noted that Pons had violated a court order in obtaining a passport and "let the marshals run around" for a year looking for him. A person engaged in that kind of behavior, the judge declared, "is not someone who has accepted responsibility." The judge also rejected Pons's argument that his self-surrender was a mitigating factor under 18 U.S.C. § 3553(a). By fleeing, the judge explained, Pons had "selfishly avoided the consequences of his actions," and had abandoned his wife, his children, and his mother, who was battling cancer.

## II.  Discussion

■ On appeal Pons contends that the district court clearly erred in denying an offense-level reduction under § 3E1.1 for acceptance of responsibility. A defendant who obstructs justice may receive credit for accepting responsibility only in "extraordinary cases." § 3E1.1 cmt. n. 4; *see United States v. Black,* 636 F.3d 893, 900 (7th Cir.2011); *United States v. Krasinski,* 545 F.3d 546, 554 (7th Cir.2008); *United States v. Melot,* 732 F.3d 1234, 1243 (10th Cir.2013). Whether a defendant has accepted responsibility is a factual finding, which we review for clear error and accord great deference. *United States v. Bennett,* 708 F.3d 879, 892–93 (7th Cir.2013); *United States v. Monem,* 104 F.3d 905, 910 (7th Cir.1997).

■ Pons contends that his case is extraordinary because he self-surrendered in a country from which he could not be extradited. That argument is frivolous. The United States and Brazil have had an extradition treaty since 1964. *See* Treaty and Additional Protocol Between the United States of America and Brazil, U.S.—Braz., Dec. 17, 1964, T.I.A.S. No. 5691, *available at* 1964 WL 70284. The treaty remains in force and is applicable to Pons. The treaty covers persons charged with "[o]btaining money, valuable securities or other property by false pretenses." *Id.* at 4. Wire fraud is such an offense. So Pons cannot possibly claim that because he was not subject to extradition, his self-surrender warrants significant credit. Indeed, after oral argument counsel conceded the point in a supplemental filing.

■ Moreover, the district court reasonably concluded that Pons's conduct in fleeing the country was so egregious that awarding credit for acceptance of responsibility was unjustified. "The fact that a defendant having done everything he could to obstruct justice runs out of tricks, throws in the towel, and pleads guilty does not make him a prime candidate for rehabilitation." *United States v. Buckley,* 192 F.3d 708, 711 (7th Cir.1999). Indeed, before turning himself in, Pons illegally obtained a new passport, skipped bail, and traveled internationally for more than a year. What's more, in the process he committed at least two additional felonies—failure to appear, 18 U.S.C. § 3146, and falsifying his passport application, *id.* § 1542. Under the circumstances, Pons's obstruction was far from trivial, and his guilty pleas did not spare the government additional burdens or expense. *See United States v. Hacha,* 727 F.3d 815, 818 (7th Cir.2013); *see also United States v. Gonzalez,* 608 F.3d 1001, 1008–09 (7th · Cir. 2010) (upholding denial of § 3E1.1 reduction where defendant had fled, necessitating two-year manhunt, because burden of obstruction on law enforcement exceeded benefit of pleading guilty once captured). We agree with the district court that nothing about Pons's case is extraordinary or reflects genuine acceptance.

Pons insists that his actions are analogous to the defendant in *United States v. Lallemand,* 989 F.2d 936 (7th Cir.1993), *abrogated on other grounds by United States v. Vizcarra,* 668 F.3d 516 (7th Cir.

2012). There the defendant had instructed an accomplice to destroy evidence, *id.* at 937, but confessed immediately after his arrest and retracted his instruction to the accomplice (though it was too late to save the evidence), *id.* at 937–38. We held that a guidelines enhancement for obstruction and a reduction for acceptance of responsibility were not incompatible because the obstruction took place "at time t, and the acceptance of responsibility at time t + 1." *Id.* at 938. In Pons's view his situation is similar. He contends that he "voluntarily abandon[ed]" his obstruction at time t + 1 by self-surrendering in Brazil and promptly pleading guilty.

We disagree. The defendant in *Lallemand* wasted no time after his arrest in trying to stave off the planned obstruction, whereas Pons spent more than a year country-hopping to avoid responsibility for his crimes. Additionally, here the prosecutor and district judge had prepared for trial before learning that Pons had absconded, and while he was missing, the government had to expend resources trying to locate him. The two cases are easily distinguishable.

Acceptance of responsibility is a question of fact, and the district court's finding is not clearly erroneous.

AFFIRMED.