**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Bryant R. LARKIN, Defendant–**
**Appellant.**

No. 98–3670.

United States Court of Appeals,
Seventh Circuit.

Argued March 3, 1999.

Decided March 25, 1999.

Thomas A. Keith, Office of the United States Attorney, Peoria, IL; Rodger A Heaton (argued), Office of the United States Attorney, Springfield, IL, for Plaintiff–Appellee.

George F. Taseff (argued), Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before ESCHBACH, KANNE, and EVANS, Circuit Judges.

ESCHBACH, Circuit Judge.

Bryant Larkin was caught possessing marijuana while he was a prisoner in a federal correctional facility. He was convicted under 18 U.S.C. § 1791(a)(2) and (b)(3) and appeals his sentence, contending that the district court wrongly denied him a downward adjustment for acceptance of responsibility because he refused to tell the probation officer or the district judge where he acquired the marijuana. This is not the first time we have been presented with this issue.[1] The smuggling of drugs into prisons is a recurrent problem for prison officials, and when caught with drugs inmates frequently decline to name their suppliers. This opinion makes it clear that when defendants refuse to provide information about the source of the contraband they possess, they may be denied the sentence reduction for acceptance of responsibility.

Larkin is a prisoner at the Federal Correctional Institution in Pekin, Illinois. On December 7, 1997, Larkin's wife visited him there, and during the visit prison officials observed interchanges between the two that aroused their suspicions. After the visit, Larkin was placed in a dry cell, where he eventually excreted 12 balloons containing 8.5 grams of marijuana. A few days later, Special Agent Jennifer Sullivan of the FBI interviewed Larkin. Larkin denied that his wife was involved in the matter and told Agent Sullivan that he had gotten the marijuana from another inmate, whom he refused to identify. However, when Mrs. Larkin was interviewed four months later, she confessed to bringing the marijuana to Larkin during her visit. She stated that Larkin had told her how to obtain the marijuana, and that Larkin intended to sell the marijuana. Larkin pleaded guilty to one count of possession of a prohibited object by an inmate in a federal correctional facility, a violation of 18 U.S.C. § 1791(a)(2) and (b)(3).

During the sentencing hearing, the district court heard arguments regarding whether or not Larkin should receive a reduction in his base offense level under federal Sentencing Guideline 3E1.1 for acceptance of responsibility. In the Pre-Sentence Report ("PSR"), the probation officer recommended that Larkin not receive the reduction because he lied about the source of the marijuana to Agent Sullivan. Larkin objected to the PSR. At the sentencing hearing, Larkin contended that his statement to Agent Sullivan identifying another inmate as the source of the marijuana should not be considered, as it was

1. *See, e.g., United States v. Young,* 165 F.3d 34 (7th Cir.1998).

made five months before he was indicted, before he was represented by counsel, and when he was not under oath. In response, the district court indicated unequivocally that it was not taking the statement to Agent Sullivan into account: "I'm not looking at the statement to Agent Sullivan as the source of the—as the basis for the probation officer's position." Instead, the district court based its denial of the acceptance of responsibility reduction on the fact that Larkin, acting on the advice of his lawyer,[2] refused to tell the probation office or the court where he got the marijuana. In the court's view, the source of the marijuana was part of the offense of conviction rather than relevant conduct, and thus was information that Larkin must provide in order to receive the reduction.

■ Larkin received an 18-month sentence of imprisonment, to run consecutively to the sentence he is currently serving, and a term of supervised release.[3] Larkin timely appealed, contending that the district court erred as a matter of law in treating the source of the marijuana as part of the offense of conviction rather than relevant conduct. This court reviews the district court's interpretation of a sentencing guideline, an issue of law, *de novo*. *United States v. Hammick*, 36 F.3d 594, 597 (7th Cir.1994).

■ Under U.S.S.G. § 3E1.1, a defendant's base offense level may be reduced by 2 levels if he or she "demonstrates acceptance of responsibility" for the offense. In order to receive this reduction, a defendant must "truthfully admit[ ] the conduct comprising the offense(s) of conviction." U.S.S.G. § 3E1.1, comment (n.1(a)). "[A] defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain [the reduction]. A de-

fendant may remain silent in respect to relevant conduct ... without affecting his ability to obtain [the reduction]." *Id.* However, "a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility," and generally is not entitled to the reduction. *Id.*

■ Applying the above language, this court and other circuits have held that a sentencing court cannot condition a defendant's reduction for acceptance of responsibility on his admission of details related to crimes other than the offense of conviction. *Hammick*, 36 F.3d at 598–99; *United States v. Patino–Cardenas*, 85 F.3d 1133, 1136 (5th Cir.1996); *United States v. Reyes*, 9 F.3d 275, 279 (2d Cir.1993). But the sentencing court can require that the defendant provide a "candid and full unraveling" of the circumstances surrounding the offense of conviction, including information about the methods used by the defendant to commit his crime and the source of the contraband he possessed at the time of arrest. *Hammick*, 36 F.3d at 599–600 (quoting Reyes, 9 F.3d at 279); *see also United States v. Taylor*, 937 F.2d 676, 680–81 (D.C.Cir.1991).

In other words, "the conduct comprising the offense of conviction" may be broader than the conduct that meets the statutory elements of the offense. In *Hammick*, this court affirmed the denial of a downward adjustment for acceptance of responsibility because the defendant refused to provide information to the district court about (1) how she traveled to the state where she committed theft by false pretenses and (2) the source of her counterfeit credit cards. 36 F.3d at 601. In the present case, the district court requested similar information: the district court asked Larkin to provide a complete ac-

---

**2.** Larkin's lawyer was concerned that any further statements by Larkin, beyond the minimal admissions made in the change of plea hearing, could subject Larkin to prosecution for conspiracy to distribute drugs.

**3.** It appears from the transcript of the sentencing hearing that through internal prison disciplinary proceedings Larkin also lost visiting privileges with his wife for two years as a result of his possession of the marijuana.

count of his offense, including the source of the marijuana. Under *Hammick*, it was clearly permissible for the district court to condition the reduction for acceptance of responsibility on Larkin's willingness to provide this information.

Larkin argues that he was, in fact, being asked to provide information regarding uncharged crimes, because identifying the source of the marijuana might subject him to charges of conspiracy to distribute drugs. But no additional charges could be brought based upon the limited information sought by the district court. The district court attempted only to obtain a candid and full account of how Larkin came to possess the marijuana that would demonstrate Larkin's remorse, not to probe Larkin for evidence of other possible misdeeds.[4]

Accordingly, we AFFIRM the judgment of the district court.

---

4. Any argument that the district court violated Larkin's Fifth Amendment rights against self-incrimination by requiring Larkin to name his sources in order to receive the reduction for acceptance of responsibility is vitiated by this court's decision in *Ebbole v. United States*, 8 F.3d 530, 535–37 (7th Cir.1993). There, we held that the sentence reduction for acceptance of responsibility is a benefit that the defendant may choose to forgo by remaining silent about conduct related to his offense of conviction. The defendant is not unconstitutionally penalized for choosing to remain silent, however: the defendant's previously calculated Guidelines sentence range does not change if he remains silent. Thus, although § 3E1.1 rewards a defendant who demonstrates contrition through an honest and full account of his offense conduct, it does not impose any new penalty on a defendant who chooses to keep silent, and thus does not offend the Fifth Amendment.