In the
United States Court of Appeals
For the Seventh Circuit

No. 99-3136

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LARRY A. HOLLIS,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Indiana, Hammond Division.
No. 98 CR 185--James T. Moody, Judge.

Argued September 26, 2000--Decided October 19, 2000

Before COFFEY, RIPPLE and ROVNER, Circuit Judges.

ROVNER, Circuit Judge.  Larry Hollis pled guilty
to two counts of affecting interstate commerce by
extortion. Hollis challenges the district court's
refusal to grant him a two-point reduction under
the Sentencing Guidelines for acceptance of
responsibility. Because the district court
applied an outdated provision of the Guidelines,
and because we cannot be certain this error was
harmless, we vacate and remand for resentencing.

I.

Hollis was the Chief Plumbing and Mechanical
Inspector for the City of Gary, Indiana when he
devised a scheme to supplement his income. A
confidential informant reported to the FBI that
Hollis called him and offered to sell him a
general contractor's license for the City of Gary
for $1500. The City of Gary normally charged $65
for the licenses, but apparently the licenses
were difficult to obtain because the applicant
was also required to pass a test. In exchange for
the highly inflated fee, Hollis told the
informant he would not be required to pass the
test. The FBI wired the informant for sound and
taped the exchange of cash for a license that
subsequently took place at a local gas station.
A few days later, Hollis met with a second
informant (also wired for sound by the FBI) at

the same gas station and conducted an identical transaction of cash for a license. Upon investigation, the FBI determined that Hollis had engaged in a number of these transactions, selling general contractors' licenses for approximately $1500 and not requiring the applicants to pass the test. The government charged him only with the two counts relating to the confidential informants, but informed the court for the purposes of sentencing that Hollis had engaged in other relevant conduct.

Hollis pled guilty to the charges, and was interviewed by a probation officer as part of the pre-sentence procedure. The probation officer reported that Hollis made the following statement:

I sold two general contractors' licenses. I let two guys get their licenses w/o taking the test. I was the Chief Plumbing Maintenance Inspector. Some people in the controller's office were involved. This guy approached me in need of a contractor's license. I told him I would see what I could do. I went to someone in the Building Department, who in turn contacted someone in the Controller's office to get the license. They returned the license to the Building department who gave them to me. I sold them for $1500 for each license.

On the basis of this statement, the government asked the district court to deny Hollis an adjustment to his sentence for acceptance of responsibility.

The district court held an evidentiary hearing to determine, among other things, whether Hollis had misled the probation officer. A number of government witnesses described nearly identical transactions with Hollis, beginning with a cold call from Hollis offering to sell a general contractor's license and ending with an exchange of cash for the license at a local gas station. None of these witnesses testified regarding the conduct with which Hollis was charged in the indictment; rather, they described relevant conduct that the court could consider in setting Hollis' sentence. The only witness testifying to the conduct charged in the indictment was the FBI case agent in charge of the investigation. She testified that Hollis contacted the first confidential informant with a cold call, and that the informant then contacted the FBI. The second informant was introduced to Hollis by the first informant, and the second charged transaction took place in the same manner, according to the agent. On the basis of this testimony, the court agreed that Hollis provided the probation officer with "less than truthful information" when he

stated, "I sold two general contractor's licenses. I let two guys get their licenses without taking the test." Tr. at 107-08. The court stated, "I just think that is less than truthful given the evidence that I've seen and heard today. And providing false information to a probation officer, even if it's not material, may warrant the denial of this reduction for acceptance of responsibility." Tr. at 108.

Further explaining his rationale for denying the acceptance of responsibility reduction, the trial judge stated,

And you couple that with the fact that the Defendant, even though he admitted to the conduct charged in the indictment in this case, the majority rule from other circuits as well as the Seventh Circuit is that Section 3 E 1.1 requires acceptance of responsibility for all related criminal conduct, not just the count of conviction.

Tr. at 108. The court concluded that for all of those reasons, it would not award Hollis the benefit of acceptance of responsibility. In his statement to the Court, Hollis explained that he did not purposely lie to the probation officer. He thought he was only being asked about the charges in the indictment. He told the court he would have admitted the relevant conduct if the probation officer had asked him about it. The court denied the two-point reduction for acceptance of responsibility, and sentenced Hollis to twenty-four months of incarceration, and three years of supervised release. Hollis appeals.

II.

On appeal, Hollis contends the district court erred in refusing to grant the two-point acceptance of responsibility reduction for two reasons. First, Hollis contends there is no evidence in the record supporting the contention that Hollis lied to the probation officer about either the charged or the uncharged conduct. Second, Hollis argues that the district court relied on an outdated provision of the Sentencing Guidelines, and outdated case law interpreting it. In 1998, Hollis maintains, the Sentencing Guidelines were amended to provide that a defendant is not required to volunteer or affirmatively admit relevant conduct beyond the offense of conviction in order to obtain an acceptance of responsibility reduction. The government concedes that the court appeared to be relying on an outdated provision of the Guidelines but contends that the court provided two alternative grounds for the denial of the

reduction: first, that Hollis had not admitted to the relevant conduct, and second that Hollis has misled the court about his level of involvement in the charged conduct by stating that the informant contacted him when the FBI's interview of the informant indicated that Hollis called the informant out of the blue to offer him the license. Although the first reason for the denial is admittedly improper under the new Guideline provision, the government maintains that the second rationale stands alone as an independent basis to deny the reduction. Thus, the government posits that any error by the district court was harmless because the sentence would have been the same even if the court had not applied the wrong Guideline provision.

We review de novo a district court's application of the Sentencing Guidelines, but we defer to its findings of fact unless they are clearly erroneous. United States v. Bragg, 207 F.3d 394, 399 (7th Cir. 2000). The government concedes that the district court applied an outdated version of Guideline 3E1.1 when it held that a defendant must admit guilt for all relevant conduct as well as the conduct comprising the offense of conviction in order to be eligible for the acceptance of responsibility reduction. The district court also erroneously relied on a case that interpreted the earlier version of the Guideline in reaching its holding. See United States v. White, 993 F.2d 147, 150 (7th Cir. 1993). The Guideline currently states, in relevant part:

If the defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels.

U.S.S.G. sec. 3E1.1(a). The application notes to the Guideline further provide:

Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.

U.S.S.G. sec. 3E1.1, application note 1(a). As we noted above, the district court believed that the rule in this Circuit was to require acceptance of responsibility for all related conduct, not just the offense of conviction. Because the new

application notes of the Guideline expressly disavow this position, the district court erred in applying the old version of the Guideline to Hollis.

Once we determine that a district court has misapplied a Guideline, we are obliged to remand for resentencing unless, reviewing the record as a whole, we can conclude that the error was harmless, i.e., that the error did not affect the district court's selection of the sentence imposed. Williams v. United States, 503 U.S. 193, 201-204 (1992). We cannot conclude under these circumstances that the error was harmless. The district court found that Hollis' statement that he "sold two general contractor's licenses. I let two guys get their licenses without taking the test." was less than truthful. But that is exactly what Hollis was charged with doing. The district court concluded the statement was less than truthful because the government produced a number of witnesses who testified that Hollis sold many more than two general contractors' licenses. Hollis was not charged with that conduct and there was no evidence produced that the probation officer even asked him about that related conduct, much less any evidence that Hollis falsely denied this uncharged conduct. The government claims that the district court found the conduct less than truthful because Hollis minimized his role by stating that the first confidential informant contacted him, rather than admitting that he placed a cold call to the informant. There is no indication in the record that the district court based its ruling on this theory. Therefore, we cannot conclude that the district court's reliance on the outdated provision of the Guidelines constituted harmless error, and we vacate and remand for resentencing.

VACATED AND REMANDED.