**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Larry A. HOLLIS, Defendant–Appellant.**

**No. 01–1043.**

United States Court of Appeals, Seventh Circuit.

Submitted March 20, 2001.

Decided June 4, 2001.

Before Honorable COFFEY, Honorable RIPPLE, and Honorable ILANA DIAMOND ROVNER, Circuit Judges.

*ORDER*

Larry Hollis pled guilty to two counts of affecting interstate commerce by extortion. The district court sentenced him to 24 months of imprisonment, three years of supervised release, and a $20,000 fine. In his first appeal, he challenged the district court's refusal to grant him a two-point reduction under the Sentencing Guidelines for acceptance of responsibility. We found that the district court erred in sentencing Hollis by applying an outdated provision of the Guidelines. *See United States v. Hollis,* 230 F.3d 955, 956 (7th Cir.2000). Because we could not be certain that the error was harmless, we vacated and remanded for resentencing. *Hollis,* 230 F.3d at 958–59. On December 13, 2000, the district court re-sentenced Hollis, this time granting the two-point reduction for acceptance of responsibility. The court reduced Hollis' sentence to 18 months of imprisonment, and maintained the original provisions for three years of supervised release, and a $20,000 fine.

Hollis, who has now completed his full term of imprisonment and is serving his supervised release term, indicated to his attorney that he wishes to challenge the district court's ground for an appeal, and has moved to withdraw as counsel pursuant to *Anders v. California,* was granted until April 19, 2001 to file a response, but did not do so. We therefore confine our review to the potential issue identified in counsel's brief. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). Because we agree that the only potential issue identified is frivolous, we grant counsel's motion and dismiss the appeal.

After Hollis pled guilty to the indictment, the United States Probation Officer prepared a Presentence Investigation Report that concluded, among other things, that Hollis did not have the ability to pay a fine. Notwithstanding that conclusion, at

the first sentencing hearing, the district court found that Hollis was able to pay a fine of $20,000 in $500 installments. Hollis did not object to this finding and did not appeal that part of his sentence. After we remanded for reconsideration of the acceptance of responsibility issue, the district court re-imposed the $20,000 fine, again without any objection from Hollis. Hollis now wishes to appeal the imprisonment of that fine on the ground that he is unable to pay. However, the time for appealing the fine has now passed. "Only an issue arising out of the correction of the sentence ordered by this court could be raised in a subsequent appeal. Any issue not arising out of that correction could have been raised there." *United States v. Parker*, 101 F.3d 527, 528 (7th Cir.1996). Because Hollis waived his only issue on appeal, the *Anders* motion is GRANTED and the appeal is DISMISSED.