**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Larry A. HOLLIS, Defendant–Appellant.**

**No. 01–1043.**

United States Court of Appeals, Seventh Circuit.

July 2, 2001.

Before COFFEY, RIPPLE, and ROVNER, Circuit Judges.

## ORDER

When Larry Hollis challenged the length of the prison term he received for extortion, we remanded so that the district court could apply the appropriate version of the acceptance of responsibility provision of the Sentencing Guidelines. *United States v. Hollis*, 230 F.3d 955 (7th Cir. 2000). After the district court resentenced him, shaving six months off his prison term, Hollis asked his attorney to appeal again, this time on the grounds that he could not afford a $20,000 fine that the district court imposed (without objection) at both sentencing hearings. We granted his attorney's motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) because there were no non-frivolous issues for appeal. *United States v. Hollis*, No. 01–1043, (7th Cir. June 4, 2001). We noted in that Order that Hollis was notified of his attorney's motion under Circuit Rule 51(b), and was granted until April 19, 2001 to file a response, but did not do so.

On June 15, 2001, Hollis sent to this Court a letter, which we construe as a Petition for Rehearing. In that Petition, Hollis complains that he did not waive his objection to the fine imposed on him by the district court. Rather, he claims he asked his attorney at every step of the appeals process to contest not only his prison term but also the fine. He also states that he filed two responses to his attorney's *Anders* brief with this Court. Because of a clerical error, those responses were not forwarded to the panel addressing the *Anders* motion. We have now obtained and reviewed Hollis' responses to the motion to withdraw, and we conclude that they do not affect the outcome. Hollis' main complaint is that his attorneys ignored his request to challenge the fine at every stage of the proceedings. This is really a claim for ineffective assistance of counsel, usually not a matter that can be resolved on direct appeal. On consideration of the petition for rehearing filed by petitioner on June 15, 2001 all of the judges on the original panel having voted to deny the same, IT IS HEREBY ORDERED that the aforesaid petition for rehearing be, and the same is hereby, DENIED.