In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-4204

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

JOHN E. BOYLE,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04-CR-86-2—**James F. Holderman**, *Chief Judge.*

———————

ARGUED MARCH 30, 2007—DECIDED MAY 3, 2007

———————

Before EASTERBROOK, *Chief Judge*, and BAUER and
WILLIAMS, *Circuit Judges.*

WILLIAMS*, Circuit Judge.* John Boyle is no stranger to
corrupt Chicago politics. He was convicted in 1992 of
embezzling millions of dollars in change—that's *in*
change, not *and* change—from the state of Illinois
while serving as president of the Public Armored Car
Company, which retrieved, transported, and stored quar-
ters and other coins for the Illinois Tollway Authority.
That earned him a federal prison sentence and a nick-
name straight out of *Goodfellas*: John "Quarters" Boyle.
*See United States v. Boyle*, 10 F.3d 485 (7th Cir. 1993).
Despite this significant blemish on his record, Boyle
managed in 1997 to land a job with the City of Chicago's

Department of Transportation, where he became a central player in the Hired Truck Program, in which the city used private trucking firms as contractors to perform city work. An exposé by the *Chicago Sun-Times* from 2003 to 2004 revealed that the program had ties to the Mafia, involved payments to companies in exchange for little to no work, and provided lucrative contracts in return for bribes and political contributions. Although he was only an engineer in the DOT, Boyle was instrumental in channeling work to trucking firms in return for bribes.

After a federal investigation, Boyle, like many others, was indicted for multiple counts of extortion, mail fraud, bribery, obstruction of justice, and filing false income tax returns. He held out while colleagues in the city pled guilty, and finally, one month before trial, pled to one count of filing a false income tax return and one count of mail fraud. He did not agree to a written plea agreement, which would have entailed making a detailed factual statement of his misbehavior. The district court sentenced him to 84 months' imprisonment, three years' supervised release, a $200,000 forfeiture judgment, and a $100,000 fine. He appeals, challenging the district court's refusal to reduce his sentence under U.S.S.G. § 3E1.1 for acceptance of responsibility. The government says the appeal "approaches the frivolous." We affirm the sentence of the district court because acceptance points are inappropriate in light of Boyle's sentencing enhancement for obstruction of justice.

The enhancement under U.S.S.G. § 3C1.1 was sought on five separate grounds. First, when Boyle learned that the FBI was investigating the Hired Truck Program he told a truck company owner (who was secretly cooperating with the government) to lie to FBI agents if he was questioned. Second, several days later, Boyle told the same individual to shred evidence of earlier bribes. Third, after his arrest Boyle lied to pretrial services by falsely

filling out a financial affidavit, representing that he did not have any money in his checking account when it actually contained over $11,000 and he had made withdrawals and deposits totaling nearly $90,000 in the weeks before his arrest. Fourth, Boyle repeated this lie to the magistrate judge in a financial affidavit. And fifth, he falsely told the probation officer that he had no real estate holdings; when caught, he explained that he only held an interest in a number of properties and did not own them outright.

The Guidelines specifically state that an obstruction enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct." *Id.* § 3E1.1 cmt. n.4. "There may, however, be extraordinary cases in which adjustments under both §§ 3C1.1 and 3E1.1 may apply." *Id.* For instance, in *United States v. Lallemand*, 989 F.2d 936, 938 (7th Cir. 1993), a reduction for acceptance of responsibility was appropriate where the defendant, an extortionist who had told an associate to destroy an extortionate videotape should the defendant be apprehended, got caught and immediately cooperated with the FBI, phoning his friend to tell him *not* to destroy the tape. Boyle contends that his is another of those rare cases in which an enhancement for obstruction and a reduction for acceptance of responsibility can coexist. The district court was not persuaded, and neither are we.

Boyle notes that he pled guilty, thereby saving the government the time and expense of a trial; that he admitted to directing the trucking boss to lie to the FBI and shred documents; and that he told prosecutors how much he had personally taken in bribes (over $200,000 in cash, steaks, gift cards, and contributions to his politicians of choice). But he also proudly and repeatedly boasted in open court that he would not rat on his

friends;[1] lied to pretrial services, the magistrate judge, and the probation officer; pled to a narrow set of charges, refusing to sign an extensive factual summary of his misdeeds; and declined to tell prosecutors who had paid him the bribes or how he spent the money.

Some of these points matter more than others. For instance, merely pleading guilty does not entitle Boyle to acceptance points, U.S.S.G. § 3E1.1 cmt. n.3; *United States v. Jones*, 52 F.3d 697, 701 (7th Cir. 1995); as the commentary to the Guidelines and our caselaw make clear, this benefit is reserved for those who show contrition and remorse by giving an honest and full account of their offense conduct. *See United States v. Harrison*, 431 F.3d 1007, 1013 (7th Cir. 2005); *United States v. Frykholm*, 267 F.3d 604, 611-12 (7th Cir. 2001). And pleading guilty eventually, rather than immediately, is specifically listed in the Guidelines as a strike against acceptance points, for it does not fully spare the government the burden of pretrial preparation and gives the impression of holding out for a deal rather than cooperating from the outset. *See* U.S.S.G. § 3E1.1 app. n.1(h); *United States v. Galbraith*, 200 F.3d 1006, 1016 (7th Cir. 2000).

On the other hand, helping the government catch other lawbreakers is not a prerequisite for acceptance of responsibility since another Guideline, U.S.S.G. § 5K1.1, provides a reduction for that. *See United States v. Escobar-Mejia*, 915 F.2d 1152, 1153 (7th Cir. 1990). But where refusing to tell on others means giving the government less than a full and complete accounting of one's own offense conduct, then granting acceptance points would be inappro-

---

[1] This point is reflected in the record and was also widely commented upon by the Chicago press. *See* Matt O'Connor, "Boyle Won't Cooperate, Receives 7-Year Prison Term," *Chicago Tribune*, Aug. 13, 2005, at C12.

priate. *See id.* at 1154; *United States v. Larkin*, 171 F.3d 556, 558-59 (7th Cir. 1999); *United States v. Hammick*, 36 F.3d 594, 599-600 (7th Cir. 1994). For instance, in *Larkin*, a prison drug dealer cooperated and pled guilty but refused to tell prosecutors who had supplied him with drugs. We affirmed the district court's denial of acceptance of responsibility because the defendant was not completely forthright about the methods he used to commit his crime. *Larkin*, 171 F.3d at 558-59.

Just so here. By refusing to say who had paid the bribes, Boyle failed to provide "a candid and full unraveling of the circumstances surrounding the offense of conviction." *Larkin*, 171 F.3d at 558 (internal quotation omitted). This is especially so in light of the fact that he was convicted of using the mails to facilitate bribery, which by its nature is a crime involving multiple people. *See* 18 U.S.C. § 666; *United States v. Sager*, 49 F.2d 725, 727-28 (2d Cir. 1931). Stonewalling may earn Boyle respect in some quarters, but it will not win him a shorter prison sentence. In addition, Boyle didn't help his cause by agreeing to only one limited proffer describing his bad deeds, for we stated in *United States v. Carroll*, 346 F.3d 744, 750 (7th Cir. 2003), that "numerous, intensive proffer sessions" can help a defendant secure acceptance of responsibility. In short, given Boyle's repeated and brazen obstruction of justice, his limited and grudging acceptance of his wrongdoing falls far short of the type of extraordinary acceptance of responsibility that warrants a reduced sentence.

Boyle raises two other arguments—that the obstruction enhancement was improper, and that his sentence is unreasonable—but he did not develop the first with any argumentation or supporting authority, and he did not bring up the second until his reply brief. Both contentions are therefore forfeited. *See R.J. Reynolds Tobacco Co. v. Cigarettes Cheaper!*, 462 F.3d 690, 701 (7th Cir. 2006); *J.S.*

*Sweet Co. v. Sika Chem. Corp.*, 400 F.3d 1028, 1035 n.2 (7th Cir. 2005).

AFFIRMED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of
Appeals for the Seventh Circuit*