**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance
with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 8, 2008
Decided July 21, 2008

**Before**

WILLIAM J. BAUER, *Circuit Judge*

JOHN L. COFFEY, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 07-3710

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 07 CR 64 |
| SCOTT SWANSON, | |
| *Defendant-Appellant*. | John C. Shabaz, |
| | *Judge*. |

### O R D E R

Scott Swanson headed a conspiracy to distribute marijuana. He pleaded guilty and helped police arrest two coconspirators, but he also instructed a conspirator to destroy evidence. The district court found that he had obstructed justice and had not accepted responsibility and sentenced him to 160 months' imprisonment. Swanson challenges only the court's refusal to lower his offense level by two levels for acceptance of responsibility. We affirm.

Swanson recruited at least eight others to grow, transport, and distribute marijuana. His operation spanned from California, where he had three "grow houses" for nurturing marijuana, to Wisconsin, where much of the marijuana he grew, in addition to more that Swanson purchased, was distributed. Between January 2006 and April 2007, when he was arrested carrying eighteen pounds of marijuana, Swanson sold nearly 400 kilograms of the drug. When he was arrested, Swanson admitted to police that he sold marijuana and identified coconspirators Andrew Melvin and Zachariah Kollmansberger, who owed him money. Police then arrested Melvin and Kollmansberger and seized a total of $25,000. But shortly after identifying those associates, Swanson phoned another associate and directed him to destroy the incriminating evidence in his marijuana grow houses in California.

Swanson was indicted for one count of conspiracy to possess with the intent to distribute 100 or more kilograms of marijuana in violation of 21 U.S.C. § 846 and one count of possessing marijuana intending to distribute it. Swanson pleaded guilty to the conspiracy count, and in return the government moved to dismiss the second count and agreed to recommend a two-level reduction in offense level for Swanson's substantial assistance in fingering two guilty associates, see U.S.S.G. § 5K1.1.

A probation officer next prepared a presentence investigation report. She began with a base offense level of 26, see U.S.S.G. § 2D1.1(a)(3)(c), added four levels for Swanson's leadership role in the conspiracy, see id. § 3B1.1(a), two more because the probation officer deemed Swanson to have obstructed justice by telling his associate to destroy evidence, see id. § 3C1.1. She subtracted no levels for acceptance of responsibility because of Swanson's obstruction and accordingly arrived at a total offense level of 32. Combined with Swanson's criminal history category III, the probation officer calculated an imprisonment range of 151 to 188 months. Swanson objected, maintaining that he was entitled to a reduction for acceptance of responsibility. The probation officer prepared an addendum in which she stuck to her original recommendation.

Before Swanson was sentenced, the government moved to reduce his offense level by two levels under U.S.S.G. § 5K1.1 for Swanson's substantial assistance in helping the government nab his coconspirators. At sentencing the district court partially granted the motion, lowering Swanson's offense level by one. Swanson at sentencing argued that his offense level should be reduced further for acceptance of responsibility. Though he agreed that he had obstructed justice, he maintained that this was the "extraordinary" case in which, despite the obstruction, he still had shown acceptance of responsibility. He argued that, in addition to pleading guilty, he helped police recover $25,000, and he had exposed himself to potential risk by telling authorities about another jail inmate's escape attempt. The government countered, without disagreement from Swanson, that Swanson gave details of the escape attempt only after jail

officials approached him about it.  Finally, Swanson tried to minimize his obstructive attempt to have another associate destroy evidence, chalking it up to the influence of drugs and pointing out that he made only a single attempt to obstruct justice.

The district court denied the reduction for acceptance of responsibility.  It refused to treat Swanson's drug use as a reason for a reduced sentence and noted that there were no "extraordinary circumstances" in Swanson's case "at all."  While in jail Swanson had "plenty of time," the court found, to "determine what his next course of action would be and he took it" in calling his associate to destroy evidence.  The court then accepted the probation officer's calculations.  With the one-level reduction for Swanson's assistance, the court calculated a total offense level of 31, which corresponded to a guidelines range of 135 to 168 months' imprisonment.  The court sentenced Swanson to 160 months' imprisonment.

Swanson appeals his sentence, arguing only that the district court improperly calculated his offense level by failing to subtract two levels under U.S.S.G. § 3E1.1(a) for acceptance of responsibility.  He contends that "the totality" of the circumstances shows that he accepted responsibility, despite his obstruction of justice after his arrest, because he helped police catch two of his co-conspirators and seize $25,000, acknowledged another inmate's escape attempt, and made only an "isolated" attempt to obstruct justice.

We review a finding on acceptance of responsibility for clear error, *United States v. King*, 506 F.3d 532, 535 (7th Cir. 2007), and the defendant bears the burden of proving the error, *United States v. McIntosh*, 198 F.3d 995, 999 (7th Cir. 2000).  At sentencing, a district court may subtract two levels from the offense level of a defendant who "clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a); *McIntosh*, 442 F.3d at 999.  Ordinarily, a timely guilty plea admitting the offense and relevant conduct will show "significant acceptance of responsibility" meriting the two-level decrease, id. cmt. n. 3, but when a court increases a defendant's offense level under § 3C1.1 because he impeded or obstructed justice, that increase "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. " U.S.S.G. § 3E1.1, cmt. n. 4; *United States v. Davis*, 442 F.3d 1003, 1009 (7th Cir. 2006); *see also King*, 506 F.3d at 535 (noting that this court presumes defendant has not accepted responsibility if found to have obstructed justice).

Still, in "extraordinary cases" both an upward adjustment (for obstruction) under § 3C1.1 and a downward adjustment (for acceptance) under 3E1.1(a) may be warranted.  U.S.S.G. § 3E1.1, cmt. n. 4; *Davis*, 442 F.3d at 1009-10.  Swanson suggests that the circuits are split on how to analyze whether a case is extraordinary, and while the circuits are indeed technically "split," this circuit's law is settled and in the company of the majority of the courts of appeals.  In *United States v. Buckley*, 192 F.3d 708, 711 (7th Cir. 1999), we joined several other circuits that

had rejected the Ninth Circuit's holding in *United States v. Hopper,* 27 F.3d 378, 383 (9th Cir. 1994). *Buckley* described *Hopper* as improperly allowing an obstructive defendant to "wipe the slate clean, and earn the acceptance of responsibility discount, just by pleading guilty and thereafter refraining from obstructing justice further."

In determining whether an obstructive defendant has nonetheless accepted responsibility, we examine the timing and nature of the defendant's conduct. A defendant who obstructs "at time t" but turns around to accept responsibility "at time t + 1" may be able to show that his acceptance is "extraordinary." *See United States v. Lallemand*, 989 F.2d 936, 938 (7th Cir. 1993). But a defendant has not accepted responsibility, let alone extraordinarily so, when he initially cooperates but later obstructs justice, *see King*, 506 F.3d at 535-36, or when he lies to authorities or conceals certain details of his crime while otherwise "cooperating," *see United States v. Otero*, 495 F.3d 393, 400 (7th Cir. 2007); *United States v. Boyle*, 484 F.3d 943, 945 (7th Cir. 2007). Nor is § 3E1.1 meant to aid defendants who turn in other participants (or, as Swanson argues, informs on other jail inmates who attempt to escape), given that § 5K1.1 provides for a reduction for that service. *See Boyle*, 484 F.3d at 945.

Under these principles, Swanson's case is not "extraordinary." Swanson initially cooperated with authorities, but like the defendants in *King*, *Otero*, and *Boyle* who also partially cooperated, he then obstructed justice to evade, rather than accept, his full guilt. And Swanson did so, according to the district court, after he had time in jail to consider his actions. Rather than a defendant who obstructs justice at time "t" and then contritely accepts responsibility for his misconduct at time "t+1," *see Lallemand*, 989 F.2d at 938, Swanson cooperated only partially at time "t," and then promptly obstructed justice attempting to reduce his criminal liability at time "t+1." The district court committed no clear error in deciding that Swanson's initial cooperation and timely guilty plea did not combine to overcome his intervening obstruction of justice.

Swanson finally suggests that the district court should have more explicitly factored into its acceptance-of-responsibility analysis that he may have been under the influence of a drug when he obstructed, and that he cooperated in the investigation of another inmate's escape attempt. But neither fact logically relates to whether Swanson accepted responsibility. Instead, if his drug use were relevant to any inquiry, it might factor into whether he intended to obstruct justice, and therefore, whether the increase under § 3C1.1 should have applied. But Swanson does not challenge that increase on appeal. And while he certainly cooperated with the jail's investigation of an inmate's escape attempt once jail officials found out about the attempt, that cooperation does not relate to whether he accepted responsibility for his own crime. Accordingly, we AFFIRM Swanson's sentence.