NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued October 16, 2008
Decided December 23, 2008

**Before**

KENNETH F. RIPPLE, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-1388

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* | Appeal from the United States District <br> Court for the Central District of Illinois. |
| *v.* | No. 07-CR-20044-01 |
| ROBERT M. QUINLAN, <br> *Defendant-Appellant.* | Michael P. McCuskey, <br> *Chief Judge.* |

**O R D E R**

On the Friday before a Monday trial date, Robert Michael Quinlan pleaded guilty to conspiring to manufacture methamphetamine. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). At sentencing the district court denied him a two-level reduction for acceptance of responsibility based on his lack of timeliness in pleading guilty, *see* U.S.S.G. § 3E1.1, and sentenced him to 262 months' imprisonment. On appeal Quinlan challenges the district court's decision to deny him a sentencing reduction. We affirm.

Quinlan led a conspiracy of at least thirteen people to buy pseudoephedrine, steal anhydrous ammonia, and manufacture methamphetamine. In April 2007 he was indicted

on one count of conspiracy to manufacture five grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B).  On Friday, September 7, 2007, Quinlan pleaded guilty without a plea agreement.  His trial was scheduled to begin the following Monday, September 10.  In his plea, Quinlan admitted only to the conduct constituting the bare elements of the charge, stating that much of the pseudoephedrine he purchased was for his congestion and not for the purpose of making methamphetamine.

A probation officer then prepared a presentence investigation report.  In calculating the guidelines range, the officer advised against granting Quinlan a two-level reduction for acceptance of responsibility because he did not enter his plea in a timely manner nor did he "truthfully admit the total conduct comprising the offense of conviction, including any additional relevant conduct for which he is accountable."  Based on this recommendation, the probation officer calculated an offense level of 38, which, when combined with Quinlan's criminal history category II, yielded an imprisonment range of 262 to 327 months.

At sentencing Quinlan's counsel objected to the probation officer's recommendation denying a reduction for acceptance of responsibility.  The court overruled the objection, stating that Quinlan's guilty plea came too late.  The court pointed to the waste of judicial resources; the inconvenience to the court, the government, and potential jurors; and the need to deter other defendants from making similar last-minute pleas:

> [I]t's too late to get acceptance of responsibility, because if the Court gave Mr. Quinlan acceptance of responsibility ... he would go back to jail and say wait until the last minute, judge will give me acceptance and that would sure bedevil the prosecutor.  He'll have to have all those Government witnesses lined up, he'll have to have worked his butt off and he won't get—I won't get punished for it; I won't lose any acceptance.
>
> . . . .
>
> . . . The Government was prepared; it was the Friday before.  Probably many of these agents had to change their schedules, many [of] them had to change, who knows, vacation plans, family plans.  So there's a lot of people involved in getting ready for a trial, plus all the jurors who have to be contacted at the last minute, who have to change their life plans for the following Monday.  So, no, this is not an acceptance of responsibility case.

Adopting the calculations contained in the presentence report, the court sentenced Quinlan to 262 months' imprisonment, the bottom of the guidelines range.

Quinlan's lone argument on appeal is that the district court improperly denied him a two-level reduction for acceptance of responsibility based solely on the timing of his plea.  The guidelines authorize a two-level reduction for a defendant who "clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).  The defendant, however, bears the burden of demonstrating acceptance of responsibility by a preponderance of the evidence. *United States v. Hendricks*, 319 F.3d 993, 1009 (7th Cir. 2003).  We review a finding

on a defendant's acceptance of responsibility for clear error, and the district court's determination is subject to great deference on review. U.S.S.G. § 3E1.1, cmt. n.5; *United States v. Gordon*, 495 F.3d 427, 431 (7th Cir. 2007).

The district court here did not clearly err in finding that Quinlan's last-minute plea did not warrant the two-level reduction for acceptance of responsibility. A guilty plea alone, explain the guidelines, does not automatically entitle a defendant to a reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a), cmt. n.3; *United States v. Boyle*, 484 F.3d 943, 945 (7th Cir. 2007). Rather, the defendant must demonstrate sincere remorse or contrition for his crime. *United States v. Hammick*, 36 F.3d 594, 600 (7th Cir. 1994). Eleventh-hour guilty pleas, in particular, do not warrant a reduction for acceptance of responsibility because they do not fully relieve the government of preparing for trial and give the impression that the defendant is waiting for a deal rather than fully accepting responsibility from the outset. *See Boyle*, 484 F.3d at 945; *United States v. Wallace*, 280 F.3d 781, 786 (7th Cir. 2002) (affirming denial of reduction where defendant did not plead guilty until after district court denied motion to suppress and assembled jurors for trial); *United States v. Banks-Giombetti*, 245 F.3d 949, 954 (7th Cir. 2001) (affirming denial of reduction where defendant did not plead guilty until after jury was called); *United States v. Sierra*, 188 F.3d 798, 805 (7th Cir. 1999) (affirming denial of reduction where plea entered on last business day before trial and was merely "last-ditch effort" to avoid prison time); *United States v. Ewing*, 129 F.3d 430, 436 (7th Cir. 1997) (affirming denial of reduction to defendant who did not plead guilty until one business day before trial).

In any event, the proposed error would have been harmless. The court expressly stated that, even if Quinlan had received a reduction for acceptance of responsibility, it would have imposed the same sentence. As the court explained, the two-level reduction would have resulted in a range of 210 to 262 months, and, given the court's view of the seriousness of the crime, it still would have sentenced Quinlan to 262 months of imprisonment. An error in the court's guidelines calculation is harmless if it did not affect the court's ultimate selection of the sentence imposed. *United States v. Anderson*, 517 F.3d 953, 965 (7th Cir. 2008); *Leahy*, 464 F.3d at 792.

Accordingly, Quinlan's sentence is AFFIRMED.