NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with

Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit
Chicago, Illinois 60604**

Argued October 5, 2010
Decided November 23, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-1087

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 09-CR-20019 |
| KIMOTHY D. OWENS, *Defendant-Appellant*. | Michael P. McCuskey, *Chief Judge*. |

**O R D E R**

Kimothy Owens pleaded guilty to one count of possessing crack cocaine with intent to distribute, 21 U.S.C § 841(a)(1), and one count of possessing a firearm after a felony conviction, 18 U.S.C § 922(g)(1). The district court sentenced him to 140 months in prison, the low end of the guidelines range. On appeal Owens argues that the district court misapplied U.S.S.G. § 3E1.1 in denying him a 2-level reduction for acceptance of responsibility. We affirm the judgment.

Owens pleaded guilty just before opening statements were to begin. By then the government had assembled its witnesses and the district court had conducted a suppression hearing, ruled on Owens's motion in limine, and presided over jury selection. Two months

later, after reviewing the presentence investigation report, Owens sent a pro se letter to the district court complaining about his lawyer and objecting to portions of that report. He also told the court that he wanted to withdraw his guilty plea to the gun charge. The district court construed the letter as a motion by Owens to withdraw his guilty pleas to both charges. At a hearing on the motion, Owens expressed confusion about the consequences of his pleas and denied that he was guilty of the gun violation. The district court denied the motion after concluding that Owens had been warned adequately about the consequences of pleading guilty.

The probation officer calculated a total offense level of 28 in the presentence report, which excluded any reduction for acceptance of responsibility. At sentencing Owens objected to this omission, but he withdrew all of his many other objections to the presentence report. Defense counsel conceded that "in the classic sense" there was "no way" that Owens could expect a discount for acceptance of responsibility, and yet, counsel asserted, the reduction was warranted because Owens had saved the district court "a day and half of testimony" by pleading guilty and also averted a long sentencing hearing by abandoning his remaining objections to the presentence report. The district court rejected this argument, reasoning that pleading guilty does not show acceptance of responsibility if the plea comes too late to save resources from being wasted. And by waiting until opening statements were about to begin, the court continued, Owens had wasted not only the court's time and the government's time but he had also inconvenienced the witnesses and members of the venire.

Section 3E1.1 provides for a 2-level decrease "[i]f the defendant clearly demonstrates acceptance of responsibility." U.S.S.G. § 3E1.1(a). The guideline also allows for an additional 1-level decrease "upon motion of the government stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." *Id.* § 3E1.1(b). On appeal Owens contends that the district court conflated these subsections and erroneously denied him a reduction under subsection (a) because of the timing of his guilty pleas, which he says is a relevant factor only under subsection (b). Owens also argues that he accepted responsibility for the drug count, if not the gun count, and that his contrition as to the one crime was enough to have earned him the § 3E1.1 reduction. Whether a defendant accepted responsibility is a question of fact reviewed for clear error, but arguments about the proper interpretation of the guideline are reviewed de novo. *United States v. Hollis*, 230 F.3d 955, 958 (7th Cir. 2000).

In his appellate brief, Owens is vague about what he thinks the district court did wrong in applying § 3E1.1. When pressed to explain at oral argument, Owens's lawyer

principally contended that the court wrongly included the timeliness of a guilty plea as a relevant consideration under subsection (a) of § 3E1.1. Owens assumes that the timing of a guilty plea is relevant in assessing eligibility for the additional 1-level decrease in § 3E1.1(b) but is not pertinent to the inquiry under § 3E1.1(a). And since the district court cited the lateness of his guilty pleas as a reason for denying the 2-level decrease under subsection (a), Owens insists that the court improperly conflated subsections (a) and (b).

We reject this reasoning. Timing is an appropriate consideration under both subsections. The commentary to § 3E1.1 identifies "the timeliness of the defendant's conduct in manifesting" acceptance of responsibility as an "appropriate consideration in determining qualification for subsection (a)." U.S.S.G. § 3E1.1 cmt. n.1(h). And if that language was not clear enough, the commentary also identifies the function of both subsections (a) and (b) and notes that "[t]he timeliness of the defendant's acceptance of responsibility is a consideration under both subsections, and is context specific." *Id.* § 3E1.1 cmt. n.6. Thus we have confirmed repeatedly—as the district court said in this case—that a last-minute guilty plea tends not to demonstrate acceptance of responsibility. *See, e.g.*, *United States v. Boyle,* 484 F.3d 943, 945 (7th Cir. 2007) ("[P]leading guilty eventually, rather than immediately, is specifically listed in the Guidelines as a strike against acceptance points."); *United States v. Wallace,* 280 F.3d 781, 786 (7th Cir. 2002) (explaining that "eleventh hour" guilty plea does not warrant reduction for acceptance of responsibility); *United States v. Banks-Giombetti,* 245 F.3d 949, 954 (7th Cir. 2001) (explaining that last-minute guilty pleas "rarely demonstrate acceptance of responsibility"); *United States v. Sierra*, 188 F.3d 798, 804 (7th Cir. 1999) (explaining that last-minute guilty plea typically fails to demonstrate acceptance of responsibility and instead "is generally indicative of a defendant's desire to escape greater punishment"); *United States v. Ewing*, 129 F.3d 430, 436 (7th Cir. 1997) (noting that "last minute guilty plea is not usually evidence of a heart full of remorse").

Owens nowhere acknowledges either the commentary to § 3E1.1 or any of our opinions interpreting the guideline. Instead, his argument rests entirely on *United States v. Ortiz-Torres*, 449 F.3d 61 (1st Cir. 2006), and *United States v. Chee*, 110 F.3d 1489 (9th Cir. 1997). In each case the appellate court evaluated whether the 1-level decrease under subsection (b) was warranted for a defendant who already had been given a 2-level decrease under subsection (a) despite pleading guilty after jury selection. *Ortiz-Torres*, 449 F.3d at 76; *Chee*, 110 F.3d at 1494. Since in these cases the disagreement between the parties concerned subsection (b) and not subsection (a), Owens concludes that the First and Ninth Circuits preclude sentencing courts from considering timing when deciding whether a defendant's conduct warrants the 2-level adjustment under subsection (a). Owens urges us to align ourselves with that view.

We reject the strained reading that Owens gives these decisions. In neither case did the government file a cross-appeal challenging the award of the 2-level reduction under subsection (a), and so neither decision can be read to reflect a conclusion by the appellate court that the 2-level adjustment was appropriate in the first place. We have found no decision from these circuits or any other court that gives *Ortiz-Torres* and *Chee* the reading ascribed by Owens, and in fact both the First and the Ninth Circuits accept that timeliness is a valid consideration in evaluating whether a guilty plea warrants the 2-level reduction under subsection (a). *See United States v. Walker*, 234 F.3d 780, 784 (1st Cir. 2000) (noting that timeliness is relevant factor in evaluating whether to award 2-level downward adjustment); *United States v. Flores,* 93 F.3d 587, 590 (9th Cir. 1996) (explaining that defendant's guilty plea was timely for purpose of the 2-level reduction because it came early enough to save the government the expense of preparing for trial); *United States v. Nunez-Rodriguez*, 92 F.3d 14, 22 (1st Cir. 1996) (noting that timeliness is relevant factor in evaluating whether to award 2-level downward adjustment); *United States v. Vance*, 62 F.3d 1152, 1157 (9th Cir. 1995) (observing that timeliness of guilty plea "affects both the first two points and the third"). Like this court, the First and Ninth Circuits adhere to the letter of the commentary to § 3E1.1.

Owens is also wrong to assert that a defendant can earn a reduction under § 3E1.1 by accepting responsibility for a slice but not the whole criminal conduct underlying multiple convictions. Owens reasons that his guilty plea to the drug count (whether timely or not) was enough to get him a 2-level reduction for that offense, and his contrition for the drug crime, he continues, was not undermined by his attempt to withdraw his guilty plea to the gun count. The two convictions were grouped, he explains, and since the guidelines range was driven by the drug count, it matters not whether he accepted responsibility for the gun count.

Owens once more presses a contention without citing a guideline, or an application note, or a case to support it. His argument that acceptance of responsibility should be calculated separately for different counts in a group is contrary to the application instructions in U.S.S.G. § 1B1.9. The guidelines do "not contemplate calculating acceptance of responsibility for each offense." *United States v. McDowell*, 888 F.2d 285, 293 (3d Cir. 1989). For multiple counts, acceptance of responsibility is evaluated only after a combined offense level has been determined. U.S.S.G. §§ 1B1.1; 3D1.5 cmt.; *United States v. Thomas*, 242 F.3d 1028, 1034 (11th Cir. 2001)*; United States v. Ginn,* 87 F.3d 367, 370-71 (9th Cir. 1996); *United States v. Kleinbreil*, 966 F.2d 945, 953 (5th Cir. 1992)*; McDowell*, 888 F.2d at 293.

Moreover, it is plain enough that the district court found that Owens had not accepted responsibility for either count. The court properly interpreted the guidelines, and we afford great deference to sentencing judges' determinations of acceptance of

responsibility. U.S.S.G. § 3E1.1 cmt. n.5; *United States v. Leahy*, 464 F.3d 773, 790 (7th Cir. 2006). Nothing in the record indicated the sentencing judge erred in evaluating Owen's acceptance of responsibility.

The district court properly interpreted the § 3E1.1, and Owens's contrary arguments are without merit.  Accordingly, the judgment of the district court is AFFIRMED.